THE PEOPLE of the STATE OF NORTH CAROLINA, upon the relation of TAZEWELL L. HARGROVE, Attorney General *v.* LOUIS HILLIARD.

An action to try the right of an incumbent to any public office, may be brought by the Attorney General upon his own information, or, upon the complaint of any private party.

See Syllabus in the preceding case, *Cloud* v. *Wilson.*

CIVIL ACTION, in the nature of a *quo warranto*, to try the right to the office of Judge of the Second Judicial District, tried before *Watts, J.,* at the January Term, 1875, of WAKE Superior Court.

The substantial facts, pertinent to the point decided, are:

That at the election in April, 1868, the Hon. Edmund W. Jones was duly elected Judge of the Superior Court of the Second Judicial District, was commissioned and qualified; that in April, 1871, he resigned, and the Governor of the State appointed the Hon. William A. Moore to the said office, who was also duly qualified by taking the oaths of office, and that he discharged the duties of the office until the 7th day of September, 1874. That the defendant usurped said office of Judge of the Second Judicial District, and held the Court in the county of Hertford on the 7th day of September, 1874, and the various Courts of the Circuit since that time.

The defendant demurred to the plaintiff's complaint, for the reason that W. A. Moore was a necessary party. The

Court overruled the demurrer, and the defendant answered; insisting, that he was duly elected Judge of the Second Judicial District, according to law, on the 6th day of August last, for the residue of the unexpired term of said office.

The plaintiff filed a demurrer to the answer of defendant for insufficiency, thus raising directly the issue of title to the office, which, after argument, was decided in favor of the plaintiff. Appeal by the defendant.

*Batchelor & Son*, *Smith & Strong*, *Carter* and *Cox*, for appellant.

*Haywood*, *Fowle* and *Batchelor*, contra.

PEARSON, C. J. The main question is disposed of in, *People ex rel. Cloud* v. *Wilson*, at this term. Passing by the question, whether the objection for want of parties was not waived by putting in an answer and amending the pleadings after the demurrer was overruled, we are of the opinion, that the action s not brought on the relation of the Attorney General. C. C P., sec. 366, authorizes the action to be brought by the Attorney General upon his own information, or, it may be brought upon the complaint of any private party, as was done in the case referred to. The action is well brought in either way. The only difference is, that judgement is rendered *only* in respect to the right of the defendant, sec. 370.

PER CURIAM.                                    No error.