T. L. HARGROVE, Attorney General of North Carolina, in the name of the People of said State, and upon the relation of N. N. TUCK, *v.* JOHN W. HUNT.

An action brought as follows: "T. L. Hargrove, Attorney General of North Carolina, in the name of the people of the said State, and upon the relation of N. N. Tuck *v.*," &c., is well brought, and no advantage can be taken of it on demurrer.

(*Green* v. *Green,* 69 N. C. Rep. 294, cited and approved.)

CIVIL ACTION, tried before *McKay, J.,* at Spring Term, 1875, PERSON Superior Court.

The facts in the case are not necessary to an understanding of the case as decided in this Court.

The defendant demurred to the complaint, for that the action was brought in the name of T. L. Hargrove, Attorney-General of the State of North Carolina, in the name of the people of the State and upon the relation of N. N. Tuck, &c., whereas the defendant insists it should be "The people of the State of North Carolina upon the relation of N. N. Tuck," &c.

The Court sustained the demurrer, and the plaintiff appealed.

*Battle & Son,* for appellant.
*Edwards* and *Batchelor,* contra.

SETTLE, J.   The defendant demurs to the plaintiff's complaint, because the action is in the name of " T. L. Hargrove, Attorney General of North Carolina, in the name of the people of the State, and upon the relation of N. N. Tuck," whereas it should be " The people of the State of North Carolina upon the relation of N. N. Tuck," &c.

" An action may be brought by the Attorney General in the name of the people of this State upon his own information, or upon the complaint of any private party against the parties offending in the following cases :   (1.) When any person shall usurp, intrude into, or unlawfully hold or exercise any public office." &c.   Bat. Rev., chap. 17, sec. 366.

The form suggested by the demurrer has received the approbation of this Court in what are known as " the sheriff cases " in 65 N. C. Rep., and the Penitentiary and Asylum cases in 68 N. C. Rep , and it would have been better to have followed an approved precedent in bringing this action, or to have removed the defendant's objection by an amendment, after the supposed defect was called to the attention of the pleader.   But the simple fact that the name of the Attorney General is set forth in the complaint, although unnecessary, cannot defeat the action.

It may be treated as surplusage, or it may be construed as an assent on his part to the bringing of this action, which, in fact, he had given in writing.   The people of the State, upon the relation of Tuck, are parties plaintiff, and we answer the objection that the Attorney General is improperly joined, in the language of the Chief Justice in *Green* v. *Green*, 69 N. C. Rep., 294.

" We are inclined to the opinion that under the very liberal system of pleading introduced by C. C. P., the fact of unnecessary parties, either plaintiffs or defendants, is not a fatal objection.   As to unnecessary parties made *plaintiffs*, it is their own concern, to be made liable for costs ; as to unnecessary parties made defendants, they are allowed to disclaim and have judgment for costs."

" C. C. P., sec. 95. A defect of parties, plaintiff or defendant is ground of demurrer, but too many parties is surplusage only, cured as above indicated by judgment for costs or disclaimer," &c.

The judgment of the Superior Court is reversed.

PER CURIAM.                                    Judgment reversed.