R. H. SAUNDERS v. W. J. GATLING.

*Title to Office—Quo Warranto—Parties.*

1. A civil action in the nature of a writ of *quo warranto* is the appropriate remedy to test the validity of an election or the right to a public office. C. C. P., § 366.

2. Such action must be brought in the name of the people of the state by the attorney general on the relation of the party aggrieved.

*Ex parte Daughtry*, 6 Ire., 155; *State* v. *Hardie*, 1 Ire., 42; *Patterson* v. *Hubbs*, 65 N. C., 119; *Tuck* v. *Hunt*, 73 N. C., 24; *People* v. *Hilliard*, 72 N. C., 169; *People* v. *McKee*, 68 N. C., 429; *Brown* v. *Turner*, 70 N. C., 93, cited and approved.)

CIVIL ACTION tried at Fall Term, 1878, of HERTFORD Superior Court, before *Eure, J.*

The complaint states substantially that the plaintiff and defendant were candidates for the office of clerk of the superior court of Hertford at an election held on the first Thursday in August, 1878; that the plaintiff received a majority of the lawful votes cast and was duly elected, but the judges of election at one of the precincts refused to count the votes given for plaintiff, and it was alleged that they rejected them unlawfully; that by means of incorrect returns the defendant was wrongfully declared elected and has qualified as clerk of the superior court, and entered upon the discharge of the duties thereof, and is receiving the emoluments of the same to the great damage of the plaintiff. Wherefore the plaintiff demands that he be declared clerk of said court and inducted into office, and that defendant be restrained from acting as such; and asks for judgment for the fees and emoluments of the office. The facts in regard to the alleged irregularities in counting the votes were agreed to by the parties, (but are not material to the point decided by this court,) and upon them His Honor held with the defendant and the plaintiff appealed.

*Messrs. D. A. Barnes, J. W. Albertson* and *J. B. Batchelor,* for plaintiff.

*Messrs. Gilliam & Gatling,* for defendant.

ASHE, J. This is an action brought by the plaintiff in his own name against the defendant to determine the question of title to the office of clerk of the superior court for the county of Hertford; and the court is asked to oust the defendant and have the plaintiff inducted, and give him a judgment for the fees and emoluments of the office.

We think the plaintiff has mistaken his remedy, and it is not competent for the court to give him the relief he seeks

by this action.   Questions as to the title and possession of offices at the common law were determined by the writ of *quo warranto* which was the appropriate remedy in such cases.   It was originally a high prerogative writ issued out of chancery, and was used by the crown of Great Britain unjustly and oppressively upon its subjects, until it was modified and stripped of many of its harsher features by what were called the statutes of *quo warranto;* and then, after the justices in eyre were displaced by the judges of the superior courts, it fell into disuse and the information in nature of a writ of *quo warranto* obtained in its stead, and has ever since been the remedy in England and this country by which the title to an office can be established by judicial determination.   It is the only appropriate and efficacious remedy, sanctioned by an overwhelming current of authority both in this state and in England.   High on Ex. Leg. Rem., §§ 49, 53 and 77; *Ex parte Daughtry,* 6 Ire., 155; *State* v. *Hardie,* 1 Ire., 42.   But the original writ of *quo warranto,* as well as proceedings by information in the nature of *quo warranto,* has been abolished, C. C. P., § 362; but it is therein provided that the remedies heretofore obtainable in those forms may be obtained by civil actions under the provisions of chapter 2, title 15.

What are these provisions?   Section 366 provides "that an action may be brought by the attorney general in the name of the people of the state upon his own information, or upon the complaint of any private party against the parties offending in the following cases:—

1. When any person shall usurp, intrude into or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state; or

2. When any public officer, civil or military, shall have done or suffered an act which by the provisions of law shall make a forfeiture of his office; or

3. When any association or number of persons shall act within this state as a corporation without being duly incorporated."

By section 368, amended by the act of 1874–'75, ch. 76, it is provided that when an action shall be brought by the attorney general on the relation or information of a person having an interest in the question, the name of such person shall be joined with the state as plaintiff, and in every such case the attorney general shall require as a condition for bringing such action, that satisfactory security shall be given to indemnify the state against costs, &c. And section 369 provides how at the instance of the attorney general the defendant may be arrested and held to bail.

So that, although the proceeding by information in nature of the writ of *quo warranto* has been abolished, it will be seen from these sections of the ·code that the remedy to be pursued whenever the controversy is as to the validity of an election or the right to hold a public office, is by an *action* in nature of a writ of *quo warranto*. It is not merely an action to redress the grievance of a private person who claims a right to the office, but the public has an interest in the question which the legislature by these provisions of the code seems to have considered paramount to that of the private rights of the persons aggrieved; *Hence,* the requirement that such actions must be brought by the attorney general in the name of the people of the state, and upon his own information without the relation of a private person when the person aggrieved does not see· proper to assert his right; and when the claimant does seek redress, he must be joined in the action, but still, it must be brought by the attorney general in the name of the people. Such is the construction which has been given to these sections of the code by numerous decisions of this court: *Patterson* v. *Hubbs,* 65 N. C., 119; *Tuck* v. *Hunt,* 73 N. C., 24; *People* v. *Hilliard,* 72 N. C., 169; *People* v. *McKee,* 68 N. C., 429; *Brown* v. *Turner,* 70 N.

C., 93.   One of the head-notes to this last case is calculated to mislead.   It reads, "any person having a right to an office can in his own name bring an action for the purpose of testing his right as against one claiming adversely," but in looking into the case it will be found that the court did not entertain any such proposition, but just the reverse.   That was an application for a *mandamus*, where the party aggrieved may bring the action in his own name, and the court held that where the right or title to an office is put in issue, *mandamus* is not the proper remedy, but the appropriate remedy is by an action in nature of a *quo warranto ;* and Mr. Justice BYNUM who delivered the opinion in the case says that "no stress is laid upon the fact that the action is not on the relation of the attorney general, for we are of opinion that under the liberal provisions of the code of civil procedure any party having a right can sue in his own name in all cases, except when otherwise expressly provided. In modern practice *mandamus* is not a prerogative writ, but an ordinary process in cases to which it is applicable, and every one is entitled to it when it is the appropriate process for asserting the right claimed."

In that case the action being an application for *mandamus* the action was properly brought, so far as the parties thereto were concerned, by the plaintiff in his own name ; but in our case it is *otherwise expressly provided*—it falls within the exception mentioned by Mr. Justice BYNUM, and the provisions of the code in that respect should have been followed.

In the view we have taken of this case, we deem it unnecessary to consider it upon its merits, but dismiss the action and leave the plaintiff to resort to his appropriate remedy. The judgment of the court below is affirmed.   Let this be certified, &c.

No error.    .                                   Affirmed.