STATE ex rel. etc., R. A. FOARD v. F. R. HALL.

*Quo Warranto—Offices—Cities—Towns—Code—Board of Aldermen.*

1. In a *quo warranto* brought by a citizen, qualified voter and taxpayer of a municipal corporation, upon leave of the Attorney General, to try the title of an officer, the Chief of Police of said corporation, it is not necessary to allege that the relator is entitled to the office or has any interest therein.

2. The Board of Aldermen of such corporation are not necessary parties defendants to such action.

3. Under the general statute, *The Code*, § 3796, only qualified voters of towns and cities are eligible to offices therein.

4. The office of Chief of Police is such an office that a *quo warranto* may be brought to try the title to it.

This was a QUO WARRANTO, heard upon complaint and demurrer at the August Term, 1892, of GUILFORD Superior Court, before *Connor, J.*

The facts are set out in the opinion.

*Mr. J. E Boyd,* for plaintiff.
*Mr. J. T. Morehead,* for defendant.

CLARK, J.: This is a *quo warranto* brought by a citizen, who is also a qualified voter and taxpayer of the city of Greensboro, upon leave granted by the Attorney General, against the defendant, who is Chief of Police of that city.

The first ground of demurrer is that the relator does not allege that he is entitled to the office or has any interest in its emoluments, and therefore is not a proper relator. It is not necessary that the relator should have such interest. *The Code*, § 607, provides that the "action may be brought by the Attorney General in the name of the State, upon his own information, or upon the complaint of any private party,

111—24

against the parties offending in the following cases: (1) When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise, within this State, or any office in a corpration created by the authority of the State," &c. Section 608 provides that when the Attorney General grants leave for such action to be brought by a private relator he shall give indemnity for costs and expenses. There is nothing in the statute which indicates that the private relator must be a contestant for the office or have an interest in its emoluments. On the contrary, section 609 provides that the Attorney General in his complaint *may* also set forth the name of the party entitled, and thereupon, by section 610, the right of such party, as well as that of the incumbent, shall be in issue. It would seem that this is a matter left to his discretion in actions brought by him. If such actions may be limited to merely ousting the illegal incumbent, there can be no reason why the Attorney General may not grant leave to bring actions having no further object. In many instances, as in the present case, when an office is illegally held or usurped there is no one else who can claim a title thereto. In such cases, unless a voter or taxpayer (not a mere stranger) can bring the action by leave of the Attorney General there would often be no remedy, for that officer would hardly *ex mero motu* subject the State to the costs and expense of litigation at a distant point when the office was, as here, that of a town, or some other office in which the State, or the public generally, had no interest. In *Saunders* v. *Gatling*, 81 N. C., 298 (301), in commenting on these sections, ASHE, J., says: "It is not merely an action to redress the grievance of a private person who claims a right to the office, but the public has an interest in the question which the Legislature, by these provisions of *The Code*, seems to have considered paramount to that of the private rights of the persons aggrieved." In *Ellison* v. *Raleigh*, 89 N. C., 125 (133), the Court say these sections "seem

to contemplate the action as open upon the complaint of any private party" upon leave of the Attorney General. In *Churchill* v. *Walker*, 68 Ga., 681, it is held that every citizen of a town has an interest in its municipal offices which will support a *quo warranto* proceeding to test the right of incumbents thereto, upon the ground that each citizen has an interest in having its offices legally filled and honestly and impartially administered. These offices are created by law for the benefit and convenience of the citizens, and if any usurper should assume their duties, any citizen, whose rights are thus violated, may seek to have the usurper evicted, though he may not claim for himself a right to the office or its fees. To the same effect are *State* v. *Jenkins*, 25 Mo., 484, and *State* v. *Hamner*, 42 N. J., 435. Indeed, the recognized principle in Great Britain and this country (except in a very few States), is that the proceeding may be begun by leave of the Attorney General upon the relation of any person possessed of such an interest as renders his interference not obtrusive, as, for instance, an inhabitant or taxpayer or voter of a city or town, in a proceeding to test the right of one claiming to exercise the duties of an office thereof. 19 Am. & Eng. Enc. of Law, 676, 677, and cases there cited; High on Extraordinary Rem., §§ 605, 608. Indeed, the right of private relators to bring such actions was not restricted in England by requiring leave of the Crown officer till Statute 9 Anne, chapter 20; *Ibid*, § 608.

As to the second ground of demurrer, no reason has been assigned, and we see none, why the Board of Aldermen should be made parties defendant. They have no interest in the action and no relief is sought against them.

As to the third ground of demurrer, in this case the act (Priv. Law 1889, ch. 219, sec. 6) fixes the qualification of an elector of Greensboro as the same which is required for a voter in State and county elections by the Constitution, Art. VI, sec. 1. The act of incorporation does not fix the qualification

required for the office of Chief of Police. The general act as to towns and cities therefore governs, and it is therein provided (*The Code*, § 3796) that "no person shall be a mayor, commissioner, intendant of police, alderman or other chief officer of any city or town unless he shall be a qualified voter thereof." This embraces the office of Chief of Police. The complaint alleges that the defendant "is not a qualified voter in the city of Greensboro," nor of the State, nor has lived in the State or city long enough to entitle him to register or vote in either the State or city, and has never registered, or taken the oath or affirmation required for voters in said State and city. This ground of demurrer was therefore properly overruled, as was also the fourth ground of demurrer, which was that the office of Chief of Police of a municipal corporation is not an office for which a *quo warranto* may be brought. *The Code*, § 607, in enumerating the offices for the usurpation of which this proceeding will lie, mentions *inter alios* "any public office, * * * or any office in a corporation created by authority of this State."

This includes the offices of all municipal corporations which are named in section 3796 of *The Code* quoted above. It is held in *Eliason* v. *Coleman*, 86 N. C., 236, merely that this section did not authorize a *quo warranto* as to the office of Chief Engineer in a *quasi* private corporation—there, the Western North Carolina Railroad Company.

No Error.