### H. A. NASH v. D. C. FERRABOW.

*Practice—Dismissal of Action—Action on Contract—Indefinite and Vague Contract.*

1. The objection that a complaint does not state a cause of action, can be taken for the first time in this Court by the defendant, or it may be taken by this Court *ex mero motu.*

2. The contract alleged in this case is held too vague and indefinite to sustain an action.

CIVIL ACTION, tried before *Shuford, J.,* and a jury, at January Term, 1894, of GRANVILLE Superior Court.

There was a verdict for defendant, and from the judgment thereon the plaintiff appealed. In this Court the defendant moved to dismiss upon the ground that the complaint did not state a cause of action. The complaint was as follows:

" 1. That on the 1st day of April, 1890, the plaintiff and the defendant entered into an agreement in writing, of which the following is a copy, to-wit:

" ' This agreement made, this the 11th day of April, 1890, between the properly authorized officers of the Stem Citizens Association, whose names are appended, of the county of Granville and State of North Carolina, of the first part and Dr. H. A. Nash, of the county of Wake and State aforesaid, of the second part, witnesseth : The said Citizens Association agree to pay unto the said Dr. Nash, for professional services

rendered unto the various families composing the said Association, the sum of fifteen hundred dollars per annum, quarterly in advance, and the said Dr. H. A. Nash agrees to furnish such medicines as are usually furnished by country physicians and to give prompt attention to patients belonging to the said Association, and in the event that parties belonging to the Association and those not belonging to the same should send for him at the same time, he agrees to give the citizens of the Association the preference. As to the fees charged by the physician for practice these are arranged entirely by the Association as to its membership. As to outside parties, the Association has nothing to do. We have already $1,000 subscribed, and we pledge ourselves to use our best efforts to secure the remaining $500.

D. C. FERRABOW, *Chairman.*

JOHN C. HUDGINS,

M. C. WASHINGTON,

*Committee.*

H. A. NASH, *Doctor,*

J. W. BROWN, *Secretary.*'

" 2. That the defendants were, at the time of their entering into said agreement with the plaintiff, who is the Dr. H. A. Nash mentioned in said agreement, members of said 'Stem Citizens Association,' and thereby became and are liable to plaintiff for the payment to him of said sum of $1,500, according to the stipulations contained in said agreement.

" 3. That plaintiff faithfully performed his part of said agreement, according to the stipulations contained therein.

" 4. That said defendants have paid to plaintiff, in part satisfaction of their said liability, the sum of $472 only.

" 5. That said defendants are indebted to plaintiff, after crediting them with said sum of $472, in the sum of $1,028, with interest thereon from the 1st day of April, 1891.

"Wherefore, plaintiff demands judgment against said defendants for said sum of $1,028, with interest thereon from the 1st day of April, 1891, until paid; and for such other and further relief," etc.

*Messrs. J. B. Batchelor* and *Edwards & Royster*, for plaintiff (appellant).

*Mr. J. W. Graham*, for defendant.

CLARK, J.: The defendant moves to dismiss in this Court because the complaint does not state a cause of action. This is one of the two objections which can be taken in this Court, when not made below. Rule 27 of this Court. Indeed the Court could take it *ex mero motu. Hagins* v. *Railroad*, 106 N. C., 537, and other cases cited in Clark's Code, 2d Ed., p. 698. We are of opinion that the objection is well taken. The paper-writing relied on as the foundation of the action is too vague and indefinite to fix the defendant with liability. It recites that the agreement is made with them as "the properly authorized officers of the Stem Citizens Association." If contracted with as officers, clearly the Association, and not the officers personally, were to be liable. Besides, it further provides, as if to guard against personal liability, "$1,000 is already subscribed, and we pledge our best efforts to secure the remaining $500." It does not appear whether the Association was incorporated or not. As the writing was signed by "the properly authorized officers" of the "Stem Citizens Association," it would seem that it was so. If so, the corporation and not these defendants should have been sued. If not incorporated, there is no proper averment that it was a partnership. A mere allegation that the defendants were "members of said Stem Citizens Association, and thereby became liable," is not a sufficient allegation of partnership, and without such it is difficult to see how liability could be incurred in the absence of allegation of incorporation and

115—20

of fraud in the conduct of defendants as officers of such cor-
poration. Furthermore, the paper-writing specifies no term
other than "$1,500 per annum, payable quarterly." The
complaint does not aver services for any specified time, nor
indeed any service beyond what might be inferred from the
allegation that "plaintiff faithfully performed his part of
said agreement." For how long a time is not stated. If
for a quarter, then the payment he admits in the complaint
has overpaid him, and he has stated no cause of action.
There is no presumption of law based upon the terms of
the alleged agreement that he has served beyond the mini-
mum stipulation of a quarter. If the plaintiff has rendered
service to these defendants, or others belonging to said Asso-
ciation, there is nothing to defeat his recovery upon a *quan-
tum meruit* against each for the services rendered him. The
attempted contract, being too vague and indefinite, is simply
a nullity, and is in the way of neither the plaintiff nor the
defendants.                    Action Dismissed.