STATE ex rel. R. N. HINES v. C. S. VANN.

*Quo Warranto—Title to Office—Party in Interest—Pleading.*

1. Every action must be prosecuted by the party in interest, and, hence, in a *quo warranto*, while it need not appear that the relator is a contestant for the office, it must appear from the complaint that he is an inhabitant and tax-payer of the jurisdiction over which the officer whose title is questioned exercises his duties and powers. *Hence,*

2. Where, in an action of *quo warranto*, it does not appear that the plaintiff has any interest in the action, it will, on motion, be dismissed in this Court.

CIVIL ACTION, heard on demurrer and complaint, before *Graham, J.*, at Fall Term, 1895, of CHOWAN Superior Court. The complaint was as follows:

The plaintiffs, complaining of defendants, allege:

" 1. That on the 7th day of January, A. D. 1895, the defendant C. S. Vann was elected Treasurer of the County of Chowan by the Board of Commissioners of said county to fill the vacancy and unexpired term of B. F. Elliott in said office, created by the failure of the said B. F. Elliott to give such bond as said Board of Commissioners required of him upon his election to said office, in an election held on the 6th day of November, A. D. 1894, for the term of two years, and the said defendant gave the bond that was required of him by the said Board of Commissioners, and was duly qualified and inducted into said office of County Treasurer, and is now holding, exercising and performing the duties and functions of said office.

" 2. That on the 13th day of May, A. D. 1895, said defendant C. S. Vann was elected by the Board of Commissioners of the town of Edenton, a corporation existing under the laws of the State of North Carolina, Mayor of

the said town of Edenton for the term of two years from and after the —— day of May, 1895, under and by virtue of the amended charter of said town of Edenton, passed, ratified and enacted on the 18th day of February, A. D. 1895, by the general assembly of North Carolina, and set out in Sections 2 and 3 of chapter 37, Private Laws of the State of North Carolina, session of 1895, which are made a part of these pleadings, which said office of Mayor the said defendant is now holding and exercising, having been duly qualified and inducted into the same.

"3. That said defendant now unlawfully holds and exercises the functions, duties and powers of said office of County Treasurer which was vacated by the said defendant when he accepted and was duly qualified and inducted into the second office, that of Mayor of the town of Edenton, in contravention of Section 7 of Article 14 of the Constitution of this State, that no person who shall hold any office or place of trust or profit under the State shall hold or exercise any other office of trust or profit under the authority of this State.

" 4. That said defendant C. S. Vann has been requested to vacate said office of County Treasurer but has declined to do so and persists in unlawfully holding and exercising the duties, functions and powers thereof.

" 5. That this suit is brought in the interest of the people of the State and to prevent the unlawful holding and exercising of the duties, functions and powers of the said office of County Treasurer by the said defendant C. S. Vann.

"6. That the office of County Treasurer and Mayor of the town of Edenton are offices of trust and profit."

Wherefore the plaintiffs demand judgment:

" 1. That said defendant C. S. Vann is not entitled to said office of County Treasurer of Chowan county, and that he be ousted therefrom.

" 2. For such other and further relief as may be just and proper.

" 3. For costs of the action."

The demurrer was as follows:

" The defendant demurs to the complaint in this action and assigns the following grounds:

" 1. That the alleged acceptance of the office of Mayor of Edenton did not vacate the office of Treasurer of Chowan county.

"2. The office of Mayor of Edenton is not such an office as is contemplated by Section 7, Article 14 of the Constitution of N. C., and the holding of that office and the office of Treasurer are not prohibited by the same.

" 3. It does not appear that at the time the defendant was qualified as Mayor he was qualified and acting as Treasurer aforesaid.

" 4. It does not appear that this action is brought by leave of the Attorney General or that bond has been given as required by Section 608 of *The Code*.

"5. It is not alleged that the office of Mayor of Edenton is an office "of trust or profit under the United States or any department thereof, or under this State or any other State or Government.

"6. It appears from the complaint filed that the defendant was not elected Mayor of Edenton by any authority known to the law having power to elect a Mayor."

The demurrer was sustained and plaintiff appealed. In this Court the defendant moved to dismiss upon the ground that it does not appear from the complaint that the plaintiff has any interest in the action.

*Messrs. Shepherd & Busbee*, for plaintiff (appellant).
*Mr. W. M. Bond*, for defendant.

CLARK, J.:   Every action must be prosecuted by the party in interest. *The Code*, Sec. 177. In *Foard* v. *Hall*, 111 N. C., 369, it was held that in a *quo warranto* to test the right of an incumbent to hold office, it is not necessary that the relator should be a contestant for the office, but that it is sufficient if he is an inhabitant and tax-payer of the jurisdiction over which the officer exercises his duties and power. It is not alleged in the complaint in the present action that the relator is a citizen and tax-payer of the county of which the defendant is treasurer and it does not appear that he has any other interest which authorizes him to maintain this action.

It does not appear from the leave granted by the Attorney General to bring the action that he found that the relator was a citizen and tax-payer of the county of Chowan, but, if he had done so, this would not have cured the defect of jurisdiction, for the cause of action and the right of the plaintiff to maintain it must appear upon the face of the complaint. So true is this that exception on those two grounds—and those only—may be made in the Supreme Court when not made below. Rules of Court, 27. Had the point been raised and passed upon by the Attorney General that the relator was, or was not, a citizen and tax-payer of the county no exception could be taken for review in this Court. The defendant was entitled to have the allegation showing the relator's interest which would entitle him to maintain the action set out in the complaint so that, by proper denial or demurrer, the defendant could have the fact found by the jury or the ruling on the law reviewed by appeal. The relator is the real party plaintiff and the courts have never gone to the

extent of permitting him to maintain an action in which he has no interest.   *Warrenton* v. *Arrington*, 101 N. C., 109.   The case of *Baruch* v. *Long*, 117 N. C., 509, relied on by appellant, has no bearing, for there the plaintiff's interest appeared and he could have sued even if a non-resident of the State, *Thompson* v. *Tel. Co.*, 107 N. C., 449, and the objection to the venue (unlike the plaintiff's want of interest in the action) was waived because not made in apt time.   *Code*, Sec. 195.

It not appearing that the plaintiff relator had any interest which would authorize him to bring this action, the motion to dismiss made in this Court must be allowed. *Nicholson* v. *Commrs. of Dare*, at this Term.   Indeed the Court could dismiss *ex mero motu.·  Hagins* v. *Railroad*, 106 N. C., 537; *Nash* v. *Ferrabow*, 115 N. C., 303.

Action Dismissed.