State ex rel GEORGE HOUGHTALLING et al., v. THOMAS TAYLOR et al.

(Decided March 1, 1898.)

*Quo Warranto—County Commissioners—Trial of Title to Office—Sufficiency of Complaint on Demurrer.*

1. In an action to try the title to the office of County Commissioner held by a defendant, only citizens and tax-payers of the county can be relators.

2. Where persons who have been elected and qualified as County Commissioners bring an action against persons appointed by the Judge of the District, under the provisions of Chapter 135, Acts of 1895, to try the defendants' title to office, the complaint must allege that the plaintiffs are citizens and tax-payers of the county.

CIVIL ACTION, in the nature of *quo warranto,* brought by leave of the Attorney General, to test the right of the defendants to sit and act as County Commissioners of Vance County, brought to and tried at the October Term, 1897, of VANCE Superior Court, before *Timberlake, J.,* and a jury.

After reading the complaint and answers, the plaintiffs moved the Court for judgment as prayed in the complaint, upon the grounds alleged, and because the answers raised no material issues of fact. The motion was overruled by the Court and plaintiff relators excepted.

Plaintiffs declined to introduce any evidence.

Defendants introduced the order of Judge Graham appointing the defendants Taylor and Fleming, and then introduced the Register of Deeds, who testified that defendants Taylor and Fleming qualified the first Monday in December, 1896, as Commissioners and attended and served as such up to the present time (except the meetings in July, 1897), and they introduced the Journals of the House and Senate of 1897, and closed their case.

His Honor, after argument of counsel, held that plaintiffs were, and are, not entitled to recover; and that defendants go hence without day and recover their costs, and judgment was rendered accordingly.

Plaintiff relators excepted to said rulings and judgment at the rendition thereof, and appealed, assigning the same as error.

1. That his Honor erred in not ruling and deciding whether the defendants are lawfully acting as County Commissioners of Vance County, and in simply holding that plaintiffs are not entitled to recover.

2. That his Honor should have held that the 5th section of Chapter 135, of the Acts of 1895, was uncon-

stitutional, and that defendants Taylor and Fleming never had any lawful right to be County Commissioners by reason of their appointment thereunder.

3. That he should have held that the Act of 1897, Chapter 366, repealing said act, and taking effect from and after its ratification on March 6, 1897, abolished the office held by said defendants, and ousted them therefrom at once.

4. That his Honor erred in not holding that the defendants Taylor and Fleming unlawfully hold the office of County Commissioners, and in not excluding them therefrom.

5. That his Honor erred in not holding that defendant James Amos unlawfully holds the office of Chairman of the Board of County Commissioners, and in not excluding him therefrom.

*Mr. T. T. Hicks* for plaintiff (appellant).
*Mr. A. C. Zollicoffer* for defendants.

FURCHES, J.: The relators were duly elected commissioners of Vance County at the November election in 1896 and were duly inducted into office on the first Monday in December of that year. After the relators were elected, but before they were inducted into office, A. W. Graham, then one of the Judges of the Superior Court, and holding the courts of the Judicial District in which the County of Vance is located, acting under Chapter 135 of the Acts of 1895, appointed the defendants commissioners of said county, and they were inducted into office. This action is brought for the purpose of trying the title of the *defendants* to said office under this Act of the Legislature, and under this appointment of Judge Graham.

The defendants interposed the objection and moved

to dismiss the plaintiff's action for the reason that they do not allege they were residents and tax-payers of Vance county. In answer to this motion, the plaintiffs say this is not necessary, as the complaint alleges that they were elected Commissioners of Vance County by the vote of the people.

This would be a sufficient averment if the defendants were holding and claiming the offices to which the plaintiffs claimed to have been elected, and the object of this action was to try the *plaintiffs'* title. The relators would then have a direct personal interest in the action, and it would not be necessary for them to allege that they were residents and tax-payers of Vance County.

But this action is not brought to try the title of the relators. The defendants do not dispute their title, and the fact that the relators are commissioners goes for nothing. It need not have been alleged in the complaint. The relators stand just as if they were not commissioners—just as any private citizen would stand, in bringing this action for the public good. In such case the plaintiffs, having no direct personal interest in the action, must show that they have some public interest to be affected or that may be affected by the defendants being allowed to hold said office, that is, that they are residents and tax-payers in the county where the defendants are holding and exercising the office.

This may seem to be a technical objection, but it is not. If this were not the law, our best people, elected to office beyond all doubt, might be annoyed and vexed by persons from other counties or even from other States, who had not the slightest interest in the office or in the public good.

But this is not a new question in this State. It has been decided by this Court in at least two cases,

and we are governed by those decisions. *Hines* v. *Vann*, 118 N. C., 3; *Foard* v. *Hall*, 111 N. C., 369, and cases there cited.

The defendant's motion must be allowed and the plaintiffs' action dismissed.

Douglas. J., dissents.