STATE ex rel. W. H. JONES v. JESSE RIGGS.

(Filed 8 March, 1911.)

Parties—Interest—Oyster Beds—Vacate Grants—Attorney-General—
    Authorization.

   One who has no interest in the lands, other than that of a citizen of the State, cannot maintain an action to vacate a grant to an oyster bed (Revisal, 1748, 1750), and under such circumstances the Attorney-General is the only one who may maintain the action, it being his duty alone to look out for the interests of the State in such matters; and his authorization to another to bring the action is insufficient. Cases of *quo warranto* distinguished.

APPEAL from *Ward, J.,* at Fall Term, 1910, of PAMLICO.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*R. A. Nunn and W. D. McIver for plaintiff.*
*Simmons & Ward and W. T. Caho for defendant.*

CLARK, C. J. This action is brought in the name of the State on the relation of a private individual who has no interest in the land, other than as a citizen of the State, to vacate a grant to an oyster bed.

The relator claims a right to maintain this action under sections 1748 and 1750 of the Revisal. He cannot maintain it under section 1748, as that is limited to one claiming title to the land, covered by the grant under a patent or grant to himself, and the plaintiff makes no such claim. Nor can he maintain it under section 1750, as that authorizes only the Attorney-General to bring the action. Such action is to be brought only in behalf of the State, when the public interest requires it and when the State is the beneficiary. The power to bring such action is properly vested in the Attorney-General. It was not intended that any citizen of the State without any interest himself in the subject-matter should bring an action on behalf of the State. The State has a public officer whose duty it is to look after its interests in such matters.

It is true that in this case the action is brought by the plaintiff upon leave granted by the Attorney-General. But that is only to test the right of the plaintiff to maintain such action. The plaintiff is not a party in interest, in the meaning of the law, and cannot maintain the action in his own behalf, nor can the leave of the Attorney-General authorize him to maintain it in behalf of the State.

A *quo warranto* as to an office can be brought upon leave of the Attorney-General by any citizen who is a qualified voter and taxpayer of a municipal corporation, or of any jurisdiction over which the officer whose title is questioned exercises his duties and powers, though the relator is not himself a contestant for the office. But this is on the ground that he is a party in interest and has a direct interest in having the office occupied only by an officer who is entitled to it. *Foard v. Hall*, 111 N. C., 369; *Hines v. Vann*, 118 N. C., 6; *Houghtalling v. Taylor*, 122 N. C., 145; *Mott v. Comrs.*, 126 N. C., 877. But the plaintiff has no such interest in the title or ownership of the oyster bed.

The court properly sustained the demurrer and dismissed the action.

Affirmed.