S. E. MIDGETT v. W. R. GRAY.

(Filed 21 February, 1912.)

1. Quo Warranto—Officers—Two Offices—Qualified in Second Office—Effect—Constitutional Law.

When a person holding an office or place of trust accepts and qualifies for a second office, within the meaning of our Constitution, Art. XIV, sec. 7, the first office *ipso facto* becomes vacated.

2. Quo Warranto—Parties—Two Offices—Leave of Attorney-General.

Where one holding an office accepts another, within the inhibition of our Constitution, Art. XIV, sec. 7, an action to declare the first office vacant may be instituted in the name of the State on the relation of the Attorney-General, by any individual who is a citizen and taxpayer of the jurisdiction where the officer is to exercise the powers of his office. Revisal, sec. 826 et seq.

3. Quo Warranto—Leave of Attorney-General—Practice.

An action cannot be maintained to declare an office vacant because the incumbent has accepted a second office, within the meaning of our Constitution, Art. XIV, sec. 7, unless it appears that the leave of the Attorney-General has been obtained either before the commencement of the action or afterwards supplied pending the proceedings. Revisal, secs. 826, 827, 828, 829, and 830.

APPEAL from *Cline, J.,* at Fall Term, 1911, of DARE.

Civil action in the nature of *quo warranto,* instituted in the name of the State on relation of S. E. Midgett, a citizen and taxpayer of Dare County.

There was evidence on the part of plaintiff tending to show that defendant duly qualified and is holding the office of Clerk of the Superior Court of Dare County, and during his term of said office was appointed to the office of school committeeman for Public School District, No. 15, for said county, and was qualified and entered upon the discharge of the duties of the last-mentioned office. There was allegation, with evidence, on part of defendant, to the effect that said defendant had not duly qualified as school committeeman, nor had he acted as such officer. On the issue joined there was verdict for defendant, and plaintiff excepted and appealed, assigning errors.

*B. G. Crisp, E. F. Aydlett, and J. C. B. Ehringhaus for plaintiff.*

*Ward & Grimes and D. M. Stringfield for defendant.*

HOKE, J., after stating the case: Our Constitution, Art. XIV, sec. 7, provides that, with certain stated exceptions not applicable to present case, "No person who shall hold any office or place of trust or profit under the United States or any department thereof, or under this State or under any other State or Government,

shall hold or exercise any other office or place of trust or profit under the authority of this State or be eligible to a seat in either house of the General Assembly," etc., and interpreting the provision, we have held, in reference to officers of this State, that the acceptance and qualification for a second office *ipso facto* vacates the first. Connor and Cheshire on the Constitution, p. 445; *Barnhill v. Thompson,* 122 N. C., 493. Authority, with us, is also to the effect that actions of this character may be instituted in the name of the State on the relation of the Attorney-General or of any individual who is a citizen and taxpayer of the jurisdiction where the officer is to exercise his duties and powers. Revisal, sec. 826 *et seq.; Barnhill v. Thompson, supra; Houghtalling v. Taylor,* 122 N. C., 141; *Hines v. Vann,* 118 N. C., 3; *Foard v. Hall,* 111 N. C., 369; *Saunders v. Gatling,* 81 N. C., 298. We are not at liberty, however, to consider and determine the questions principally involved in the present appeal, for the reason that it nowhere appears that the relator has ever obtained the leave of the Attorney-General either to institute or maintain the present suit. The statute applicable, Revisal 1905, ch. 12, secs. 826, 827, 828, 829, clearly provides that before an action may be instituted or maintained on the relation of a private citizen, such leave shall be obtained and that satisfactory security must be furnished, indemnifying the State against all costs and expenses which may accrue in consequence of bringing the action. True, the Court has held in *Shannonhouse v. Withers,* 121 N. C.; 376, that it is not absolutely essential that the leave should be had before suit commenced, provided it is obtained afterwards and supplied, but it must always be made to appear, pending the proceedings, that the leave of the Attorney-General has been given to prosecute the action. An inquiry of this nature, primarily, concerns the public interests, and we may not overlook an omission in plain disregard of the statutory requirement. This view is strengthened by the subsequent section, 830, which provides that even after leave given and action commenced, the same may, under certain conditions, be withdrawn and, on certificate to that effect being properly filed, the judge shall, on motion, dismiss the action. For the reasons given, we are of opinion that the present action should be dismissed, and it is so ordered.

Action dismissed.