STATE ON THE RELATION OF THE ASSOCIATED COSMETOLOGISTS OF NORTH CAROLINA, INCORPORATED, v. ARTHUR T. RITCHIE AND L. L. SMITHEY.

(Filed 11 July, 1934.)

Public Officers D a—Relator in action to vacate public office must have some interest in the action, though he need not be contestant.

Relator, the Associated Cosmetologists of North Carolina, Incorporated, brought this action with the permission of the Attorney-General attacking defendants' rights to hold office on the Board of Cosmetic Art Examiners to which they were appointed by the Governor under the provisions of chapter 179, Public Laws of 1933, relator contending that defendants were not qualified to hold the office because they did not possess the express qualifications prescribed by the statute. The complaint did not allege that relator is a taxpayer of Wake County, or even of North Carolina, nor a voter of the State, nor that relator is affected by or interested in the Board of Cosmetic Art Examiners. Held, defendants' demurrers to the complaint were properly sustained, it being required that the relator in an action to vacate a public office have some interest in the action, though it is not required that he be a contestant for the office.

CIVIL ACTION, before *Harris, J.,* at December Term, 1933, of WAKE.

The plaintiff procured permission from the Attorney-General, as required by law, to institute this action: The complaint is as follows:

"1. That the plaintiff is a corporation created, organized and existing under and by virtue of the laws of North Carolina, having its principal place of business in the city of Winston-Salem, N. C.; that said corporation is a nonstock and nonprofit corporation created for the purpose of furthering the best interests of the Cosmetologists of North Carolina in all lawful and proper ways, and particularly with respect to their rights and duties under and by virtue of chapter 179, Public Laws of 1933, hereinafter more particularly referred to, and that membership in said corporation is limited to Cosmetologists in the State of North Carolina.

"2. That the defendants, Arthur T. Ritchie and L. L. Smithey, are citizens of the State of North Carolina, and at the present time reside in the city of Raleigh.

"3. That the Legislature of North Carolina, at the session of 1933, passed an act to regulate the practice of cosmetic art in the State of North Carolina, said act being chapter 179, of the Public Laws of said session; that section 13 of said act provides for the appointment of a State Board of Cosmetic Art Examiners to consist of three persons, said section being in words and figures as follows:

'A board to be known as the State Board of Cosmetic Art Examiners is hereby established to consist of three members appointed by the Governor of the State. Each member shall be an experienced cosmetologist, who has followed the practice of cosmetic art for at least five years next preceding his or her appointment, in the State. The members of the first board appointed shall serve for three years, two years, and one year respectively, after appointment, and members appointed thereafter shall serve for three years. The Governor, at his option, may remove any member for good cause shown and appoint members to fill unexpired terms.'

"4. That under and by virtue of said act, and more particularly of section 13 thereof fully set out in the preceding paragraph, his Excellency, the Governor of the State of North Carolina, on or about the ........ day of July, 1933, appointed as members of said State Board of Cosmetic Art Examiners, Arthur Ritchie and L. L. Smithey, the defendants herein, and the said Arthur T. Ritchie and L. L. Smithey have attempted to qualify as members of said board and have entered upon the discharge of their official duties.

"5. That as this plaintiff is informed and believes and therefore alleges neither the said Arthur T. Ritchie nor L. L. Smithey are experienced cosmetologists who have followed the practice of the cosmetic

art for the last five years next preceding their appointment, in the State; that on the other hand, as this plaintiff is informed and believes, and therefore alleges, the said Arthur T. Ritchie and L. L. Smithey are totally ignorant of the cosmetic art and as a matter of fact are and have been for a number of years engaged in following the business of barbering.

"6. That as this plaintiff is informed and believes, and therefore alleges, the said Arthur T. Ritchie and L. L. Smithey are not qualified under the terms of said chapter 179, of the Public Laws of 1933, to act as members to the State Board of Cosmetic Art Examiners for the reason that they cannot comply with the provisions of said act and more particularly with those of section 13 of said act, and that their attempted appointment is null, void and of no effect.

"Wherefore, this plaintiff prays that the offices occupied by the said Arthur T. Ritchie and L. L. Smithey be declared vacant, and that the said Arthur T. Ritchie and L. L. Smithey be forthwith removed from membership on said Board of Cosmetic Art Examiners."

The defendants filed a demurrer as follows:

"1. For that the complaint does not state facts sufficient to constitute a cause of action against the defendants.

"2. For that the court in which the action is instituted has no jurisdiction to hear and determine this controversy.

"3. For that section 13, of chapter 179, of the Public Laws of 1933, provides for the method of removal of the members of the board created under said act and gives to the Governor of North Carolina the power at his option to remove for good cause shown any member of said board. The matters and things set forth in the complaint have already been presented to the Governor of North Carolina on a motion to remove the defendants for cause and the Governor has taken action on said motion and refused to remove the defendants.

"Wherefore, the defendants pray that this action be dismissed and that they recover their costs."

After hearing the argument it was "ordered and adjudged by the court that the demurrer be and the same is hereby sustained, and this action is dismissed." etc.

From the foregoing judgment the plaintiff appealed.

*John W. Hinsdale and W. H. Sawyer for plaintiff.*
*Jones & Brassfield for defendants.*

Brogden, J. Can the plaintiff maintain this action upon the allegations of the complaint?

This suit is instituted for the purpose of vacating an alleged office held by the defendants as members of the State Board of Cosmetic Art

Examiners as described in chapter 179, of the Public Laws of 1933. The gravamen of the action is that the defendants are not qualified to hold the office by virtue of the fact that they do not possess the express and unequivocal qualifications prescribed by statute, and this fact is admitted by the demurrer. Notwithstanding, the courts cannot hear a person who is not the party aggrieved and who has no interest in the subject-matter of the action.

What interest then, has the plaintiff in the subject-matter of this action?

It is alleged in the complaint that the plaintiff is a corporation of North Carolina with an office in Winston-Salem. It is not alleged that the plaintiff is a taxpayer of Wake County, or even of North Carolina, or a voter of the State. It does not appear upon the face of the complaint how the plaintiff corporation is affected by or interested in the Board of Cosmetic Art Examiners. While it is alleged generally in the complaint that membership in the plaintiff corporation is limited to cosmetologists, it does not appear that all cosmetologists are members nor as to how membership is acquired.

The right to maintain an action to vacate an office is not dependent upon the fact that the relator or plaintiff is entitled to the office or any of its emoluments. Nevertheless, a party cannot maintain a suit in which he has no interest. This idea was expressed in *Hines v. Vann,* 118 N. C., 3, as follows: "The defendant was entitled to have the allegation showing the relator's interest which would entitle him to maintain the action set out in the complaint so that, by proper denial or demurrer, the defendant could have the fact found by the jury or the ruling on the law reviewed by appeal. The relator is the real party plaintiff and the courts have never gone to the extent of permitting him to maintain an action in which he had no interest."

Again, it has been held in *Jones v. Riggs,* 154 N. C., 281, 70 S. E., 465, that *"quo warranto* as to an office can be brought upon leave of the Attorney-General by any citizen who is a qualified voter and taxpayer of a municipal corporation, or any jurisdiction over which the officer whose title is questioned exercises his duties and powers, though the relator is not himself a contestant for the office. But this is on the ground that he is a party in interest and has a direct interest in having the office occupied only by an officer who is entitled to it." To like effect is the statement of law in *Houghtalling v. Taylor,* 122 N. C., 141, 29 S. E., 101, as follows: "In such case the plaintiffs, having no direct personal interest in the action, must show that they have some public interest to be affected or that may be affected by the defendants being allowed to hold said office, that is, that they are residents and taxpayers in the county where the defendants are holding and exercising the office. This may seem to be a technical objection, but it is not. If this were

not the law, our best people, elected to office beyond all doubt, might be annoyed and vexed by persons from other counties or even from other states, who had not the slightest interest in the office or in the public good." The last utterance of the Court occurs in *Bouldin v. Davis,* 197 N. C., 731, 150 S. E., 507. The Court said: "A relator need not be a contestant for the office, but he must be a citizen and taxpayer within the jurisdiction over which an incumbent of the contested office exercises the functions prescribed by law." See, also, *Saunders v. Gatling,* 81 N. C., 298; *Ellison v. Raleigh,* 89 N. C., 125; *Foard v. Hall,* 111 N. C., 369, 16 S. E., 420.

Therefore, as the complaint does not disclose such interest as the law requires, in cases of this type, the ruling of the trial judge was correct.

Affirmed.