### STATE v. MRS. MARGIE MARSHALL McIVER.

(Filed 3 January, 1940.)

**Indictment and Warrant § 20—Held: There was fatal variance between the warrant and special verdict and judgment of not guilty was proper.**

Defendant was tried upon a warrant charging that she permitted persons in her employ to practice as apprentices without certificate of registration as registered apprentices or registered cosmetologists. The jury returned a special verdict to the effect that defendant permitted unlicensed students to work in her school. *Held:* There is a fatal variance between the warrant and the special verdict and a failure of proof, and the adjudication that defendant was not guilty is affirmed.

APPEAL by the State from *Alley, J.,* at October Term, 1939, of FORSYTH. Affirmed.

*Attorney-General McMullan for the State.*
*Jones & Brassfield for plaintiff, appellant.*
*Roy L. Deal and Eugene Trivette for defendant, appellee.*

DEVIN, J. The defendant was charged in the warrant with violation of the act regulating the practice of cosmetic art (ch. 179, Public Laws

1933), in that she permitted persons in her employ to practice as apprentices without certificates of registration as registered apprentices, or registered cosmetologists. Upon a special verdict the defendant was adjudged not guilty, and the State appealed.

The following findings were contained in the special verdict: "The defendant in connection with the operation of her school of beauty culture in Winston-Salem, North Carolina, has employed two or more licensed beauticians approved as teachers by the State Board. Students in the defendant's school work under the personal supervision and direction of said instructors, including defendant herself. The defendant has made certain charges for work done by students in her school, . . . the work in each instance being done by an unlicensed student in the school under the supervision of one of said instructors. . . . It is necessary that students in such schools have actual practice on patrons of the school, it not being practical for them to get such practice by giving treatments to each other."

The defendant is not charged with violation of the regulations prescribed by the State Board of Cosmetic Art Examiners prohibiting charges by students, nor does it appear that these regulations have been approved by the State Board of Health as required by section 23 of the act. The charge set out in the warrant relates only to apprentices and cosmetologists. The special verdict relates to students, and finds facts not specifically charged in the warrant. Hence there is a variance and failure of proof, and the ruling of the court below that the defendant is not guilty as charged must be upheld. The question of the power of the State Board of Cosmetic Art Examiners to make regulations prohibiting charges by students is not presently presented, nor is the constitutionality of the act itself raised in this appeal. *Associated Cosmetologists v. Ritchie*, 206 N. C., 808, 175 S. E., 308.

The judgment of the court below is

Affirmed.