STATE OF NORTH CAROLINA ex Rel. RALPH BARLOW and JACK MOORE v. C. O. BENFIELD.

(Filed 29 March, 1950.)

**1. Public Officers § 1—**

The office of chief of police of an incorporated town is a public office.

**2. Elections § 18a—**

The qualified voters and taxpayers of a municipality may maintain *quo warranto* to determine the right of incumbent to hold a municipal office.

**3. Municipal Corporations §§ 11a, 11½b—**

A person not a resident of an incorporated municipality may not be elected chief of police by the board of commissioners of the municipality. G.S. 160-25.

APPEAL by relators from *Rudisill, J.,* November Term, 1949, of CALDWELL. Reversed.

This was an action in the nature of *quo warranto* to determine the right of defendant Benfield to hold the office of chief of police of Granite Falls.

STATE v. DAVIS.

At the close of plaintiffs' evidence, motion for judgment of nonsuit was allowed, and relators excepted and appealed.

*Martin & Carpenter for plaintiffs, appellants.*
*L. M. Abernethy and Max C. Wilson for defendant, appellee.*

DEVIN, J. The judgment of nonsuit was improvidently entered. It was made to appear from the admissions in the answer and the evidence offered by the relators that 1 July, 1949, the defendant was elected by the Board of Commissioners of Granite Falls as chief of police of that town, which office he is now holding, and that defendant is not a qualified voter therein. It was also admitted that relators are residents, qualified voters, and taxpayers of Granite Falls.

The office of chief of police of an incorporated town, as Granite Falls is admitted to be, is a public office. *Foard v. Hall,* 111 N.C. 369, 16 S.E. 420. The relators had a right to institute this action for the cause set out in the complaint. *Bouldin v. Davis,* 197 N.C. 731, 150 S.E. 507; *Midgett v. Gray,* 158 N.C. 133, 73 S.E. 791. The statute (G.S. 160-25) provides that "No person shall be mayor, commissioner, intendant of police, alderman or other chief officer of any city or town unless he shall be a qualified voter therein." This statute, said *Chief Justice Clark* in *Foard v. Hall, supra,* "embraces the office of chief of police."

The judgment of nonsuit must be vacated.

Reversed.