Gaston, Judge.
 

 From the loose and imperfect statement of the pleadings contained in this record, the Court is unable to ascertain what was the issue of facts submitted to the jury. It appears that a
 
 scire facias
 
 was sued out .«gainst the defendant as bail for
 
 Peter Newton,
 
 against whom the plaintiff had recovered a. judgment; that to this
 
 scire facias,
 
 the defendant pleaded
 
 “ that the capias ad satisfaciendum
 
 was not directed to the Sheriff of Buncombe, which was the proper county to \Vhich it should have been directed — to which plea the plaintiff’ replied, that “ the capias issued to the county of Lincoln, which was the domicile of
 
 Peter Nexo ton,
 
 (the principal) and therefore was the proper county to which it should have been directed,” that the defendant rejoined to this replication and thereon issue was taken. With every disposition to malte a liberal allowar.ee for the practice which prevails of setting forth in the record the substance of the pleadings instead of inserting them in full, we must require that the
 
 substance
 
 shall appeal*. Our duty as prescribed by the Legislature, to inspect the \vhole record and to render thereon such .udgment as the court below ought to have rendered, cannot otherwise be per
 
 *97
 
 formed. We cannot see upon this record what was the traverse taken by the rejoinder, nor what was the fact found by the verdict, and of course cannot decide what judgment the law required to be rendered upon such finding.
 

 The Supreme, Court is required to inspect the whole record of a case brought up by appeal, and' must notice suh. stantial defects in the memorandum of pleadings used in our courts; in these so much must appear as to show with certainty on what point the issue was joined and the verdict given.
 

 The seal of the sabíe ^th?va-lidity of a running out of the county in 'Thidl ,court sits. Without the seal the writ & a mere
 

 It is stated however, that upon the trial of this issue, whatever it might he, a question arose whether a writ issued to the county of Lincoln, and a copy whereof is made a part of the case, was in law a
 
 capias ad satisfa-ceindum,
 
 and that the court directed the jury it was “in law a
 
 capias ad
 
 satisfaciendum,” that the jury found a verdict in favor of the plaintiff
 
 accordingly;
 
 and that the defendant moved for a new trial of the issue, because of this alledged misdirection. We must presume this question was a material one on the trial of the issue, and have therefore directed our attention to the decision made upon it.
 

 Here again, we are met with a difficulty. The case does not point out, or in any manner intimate what are the objections to the supposed
 
 capias,
 
 and it being submitted without counsel on either side, we have no means of discovering the objections, hut by examining the copy of the
 
 capias
 
 set forth. The writ purports to have issued from the Superior Court of Wilkes to the sheriff of Lincoln, and if the copy be
 
 exact,
 
 the writ is not under the seal of the court. ' We should probably defer our judgment, if it were to rest upon this objection, and endeavor by some proper process to get the original writ before us, or otherwise become certain that this apparent defect actually existed, because it is
 
 possible
 
 that the clerk may have neglected in his copy, to show forth the seal. If in truth the writ to Lincoln be without seal, it is not in law a writ issued by the Superior Court of Wilkes. All writs issued by a court in this State not under the seal of the Court, except when they are directed to the officers of the county in which the court is held, _ _ .. - , . are absolutely null, lhe common law requires that the seal of a court of record shall be affixed to all its , . , , ,. , writs, and our legislature has dispensed with this essential form of authentication only in the, eases where
 
 *98
 
 the-writ is confined within the county Prom the court of which -it issues.
 
 (Act
 
 1797,
 
 Rev. c.
 
 474.) This point was conclusively settled in the case of the
 
 Bank of Cape Fear
 
 v.
 
 Seawell, (ante
 
 3
 
 vol. p.
 
 279.) In all cases not coming under the exception, the seal of a court is as indispensable to its writ, as the seal of a party is indispensable to his bond.
 

 •The case of
 
 Sank .of ■Cape (ante
 
 Vji
 
 mdfp.
 
 279) approved.
 

 But there is another objection which cannot be removed. The writ of
 
 capias ad satisfaciendum
 
 is one, ¡the forms .of which have been settled from the time of the earliest annals of judicial history. It commánds the officer to take the body of him against whom it is directed, and him safely keep, so as to have his body before the .court to satisfy the plaintiff, the debt recovered. The forms of a writ, the execution of which has so important an operation as to deprive a citizen of his liberty, are so many securities for the liberty of all the citizens. No writ ought to be considered as a
 
 capias ad satisfaciendum
 
 which plainly disregards them. The sheriff to whom a writ is directed, is a ministerial office, whose duty is to obey the requisitions of the mandate. It is necessary that this mandate should correspond with that which the law prescribes, for the sheriff
 
 ordinarily
 
 cannot look beyond it. If it proceed from a court having jurisdiction, he is protected or ■punished, in general, accordingly as he obeys or disobeys it. When a writ issues in the settled form, there is no difficulty in -knowing his duty, for that also has been perfectly settled by law. But when it is expressed in terms unkown to the law, a conflict is presented between the language of the mandate on one side, and the requirements of the law on the other. Perhaps he might be protected in yielding obedience to the former, and probably the court would not punish him for shevv-,ing greater respect to the latter.
 
 However this
 
 may be, and whatever might be the remedy of the citizen, if the sheriff obeyed the strange writ, the law will not sanction such a writ, because it is astrange writ, which it does not know. The writ which issued in this case commands the sheriff not to take the body of
 
 Peter New
 
 
 *99
 

 ton,
 
 and Iiitn safely keep,
 
 so that you may have his body before
 
 our Superior Court of Wilkes, to be holden, &c. then and there
 
 to satisfy John Finly,
 
 &c.” but, “ to arrest the body of
 
 Peter Newton,
 
 and him safely keep
 
 until you cause to be made the sum
 
 of sixty-one dollars, &c. which
 
 John Finley
 
 recovered, &c. and have yon
 
 the said monies
 
 before our court, &c. &c.” It is a singular species of
 
 distringas,
 
 against tire body of Newton, by means of which the officer is, at all events, to
 
 squeeze
 
 the money out of him, and have that money forthcoming at the next court. In our opinion, it is not our well known
 
 capias ad satisfaciendum,
 
 but a stranger to our laws:
 

 This is not a case in which a
 
 capias
 
 has issued
 
 irregularly,
 
 as upon a dormant judgment, not revived
 
 byscire facias,
 
 which irregularity may be waived or not by the principal, and to which the bail cannot object — but it is one in which the writ given in evidence as a capias, is not in law a
 
 capias,
 
 and where the bail has a right to demand a proper capias.
 

 The judgment of the court below, is to be reversed, and the verdict set aside, and the cause remanded to the Superior Court of Wilkes for further proceedings. Should it again come before us, we hope that it will be presented in such a shape as to enable us to decide it finally, and according
 
 tó
 
 law.
 

 Per Curiam — Judgment reversed.