Pearson, J.
 

 We consider the point made in this case, settled by
 
 McDowell
 
 v.
 
 Bradley,
 
 8 Ire. Rep. 92 ; the Court say, “ Rut, we think, the new bond was an answer to tbe defendant’s motion, for it fully meets the purposes of the act, and the ends of justice, by effectually securing tbe appellee, and substantially, by the means prescribed in tbe statute. Although the proper bond was not taken at tbe proper time, yet the Court has
 
 thqpower
 
 to supply the omission, as was done with respect to certiorari bonds, in the case of
 
 Fox
 
 v.
 
 Steele,
 
 1 Car. Law Rep. 379.
 

 So, we think, in this case, the new bond was an answer to the defendant’s motion.
 
 McDowell
 
 v.
 
 Bradley,
 
 has been cited and approved in several subsequent cases.
 
 Robinson
 
 v.
 
 Bryan,
 
 12 Ire. 183. There is no reason why prosecution bonds, appeal bonds, and certiorari bonds, should not be put on the
 
 *433
 
 same footing. Such has been the uniform practice and understanding of the profession.
 

 It was insisted by the defendant’s counsel, in the second place, that the appeal from the interlocutory order, brought the whole case up to the Superior Court, and took it out of the County Court; so that after affirming the judgment of the County Court, in respect to the bond, the Superior Court ought to have retained the case, and proceeded with the trial.
 

 We
 
 do not concur in this position. If the County Court had dismissed the suit, so as to put the case out of that Court, upon an appeal or reversal of the order of the County Court, the further proceedings in the case would have been properly in the Superior Court.
 
 Shaffner
 
 v.
 
 Fogleman,
 
 Busb. 280. But, as the County Court refused to dismiss the suit, and permitted the plaintiff to file a prosecution bond, the case was still in that Court, notwithstanding the plaintiff appealed from this interlocutory order; and upon an affirmance of the order, the further proceedings in the case, were properly to be had in the County Court.
 
 Mastin
 
 v. Porter, 10 Ire. 1, is in point; there
 
 & procedendo
 
 issued.
 

 The entry, that the Superior Court
 
 “dismissed the appeal”
 
 and affirmed the judgment of the County Court, is evidently a misprision of the Clerk. The proper judgment was to affirm the judgment of the County Court, in respect to the order appealed from, and direct
 
 aprocedendo.
 

 Per Curiam.
 

 Judgment affirmed.