THE CHAPIN HALL LUMBER COMPANY v. WILLIAM DALRYMPLE ET AL.

If, in an action where a set off is pleaded, the plaintiff be non-suited at the trial, the defendant is not precluded thereafter from maintaining an action upon the demand which he had interposed as a set off.

---

On demurrer to pleas.

Argued at November Term, 1890, before BEASLEY, CHIEF JUSTICE, and Justices DIXON and MAGIE.

For the plaintiff, *Coult & Howell.*

For the defendants, *Voorhees & Cotter.*

The opinion of the court was delivered by

DIXON, J.   To a declaration consisting of the common money counts, the defendant pleaded that, before the bringing of this suit, he had instituted an action upon contract in this court against the present plaintiff; that the present plaintiff had therein pleaded the general issue and payment, with notice that he would set off the claim now sued for against the claim of the present defendant therein; that on the trial of said action the present plaintiff moved the court, at the close of the evidence offered by the present defendant, to non-suit the present defendant, because the evidence showed. that his claim was, by agreement of the parties, paid by the claim for which the present suit is brought; that said motion prevailed against the objection of the present defendant, and a judgment of non-suit was accordingly entered thereon, with costs to the present plaintiff, and that said judgment for costs has been paid.

The plaintiff demurs.

At common law a judgment of non-suit is no bar to a fresh suit by the plaintiff against the defendant on the same cause of action.   3 *Bl. Com.* 376; *Tidd Pr.* 797; *Arch. Pr.* 433. It does not determine the rights of the parties.   *Manhattan Life Ins. Co. v. Broughton*, 101 *U. S.* 121.   There is no statute in New Jersey which changes this common law rule.

But the defendant insists that the plaintiff is barred of his action by our statute concerning set off.   *Rev., p.* 1096.

Its provisions are, in substance, that, where two parties are mutually indebted, their debts may be set off against each other; that, if one of such parties sue the other, it shall be lawful for the defendant at the trial (after proper pleading) to set off the debt due him, and any defendant failing to set off his debt shall thereafter be precluded from bringing any action for such debt; that, if on the trial a balance appears to be due to the plaintiff, he shall have a verdict and judgment therefor, but if the debt due the defendant equals or exceeds the plaintiff's debt, the defendant shall have a verdict and

judgment, which verdict and judgment, in case of excess, shall be for the balance due him.

The object of the statute is to prevent two actions between the same parties, by compelling them to do justice to each other in a single suit, with regard to all matters capable of adjustment therein. *Stryker* v. *Beakman,* 3 *Halst.* 209 ; *Nolin* v. *Blackwell,* 2 *Vroom* 170. The procedure contemplated is one in which there shall be a verdict (or something equivalent) and a judgment thereon. Such a procedure would, at common law, be conclusive upon the plaintiff as to the claims for which he sued ; the statute makes it conclusive upon the defendant as to the claims which he might have set off. But if the course of the litigation be such that the plaintiff is not concluded by it, the object of the statute is not attained ; and in that case it is impossible, consistently with justice, to give effect to the clause precluding the defendant from bringing an action on his claim. For, if by the operation of the statute the defendant's claim be rendered incapable of supporting an action, it will also be incapable of legal use by way of set off. *Reeves* v. *Hatkinson, Penn.* *751 ; *Nolin* v. *Blackwell,* 2 *Vroom* 170 ; *Johnson* v. *Kaiser,* 11 *Id.* 286. Thus, while the plaintiff might maintain a second suit upon his claim, the claim of the defendant would be nullified without satisfaction and without the accomplishment of the statutory purpose of preventing double litigation. We deem it reasonable and for the sake of justice necessary to hold that, if in the original action the demand of the plaintiff is not legally determined, neither is the demand of the defendant. The termination of the suit, without a result conclusive upon both parties, leaves them both as they were before its institution.

It is not to be inferred from this decision that a plaintiff, against whom a defendant has pleaded a set off, may not compel the final settlement of the set off in that proceeding. The set off is in the nature of a cross action, so that both parties become actors. In such a case the court will not permit the plaintiff to discontinue, if the defendant insists on a judgment which will end the controversy. *Estell* ads. *Franklin,* 5

*Dutcher* 264. For the same reason, the court should not allow the defendant to force an inconclusive result, by non-suiting the plaintiff, when the latter insists on a verdict and judgment which will finally determine the litigation. If, however, in spite of such insistance, a non-suit be entered, it can collaterally have no other effect than if suffered voluntarily. Technically it is considered a voluntary non-suit (*Runyon* v. *Central R. R. Co.*, 1 *Dutcher* 556), except for the purpose of having the opinion of the court ordering it reviewed on error. *Voorhees* v. *Woodhull's Exrs.*, 4 *Vroom* 482.

The plaintiff is entitled to judgment on the demurrer.