A. M. CALMES v. JOSEPH LAMBERT.

(Filed 19 October, 1910.)

1. Process—Amendment—Effect—Seal of Court.

A summons issued to another county, but not attested by the seal of the court of the county issuing it, as provided by Revisal, sec. 431, may have the defect removed by amendment on application to the proper tribunal, both as to original and final process, and the amendment, when made, will validate all acts done under the process, in so far as it affects the original parties to the suit or record.

**2. Same—Irregular Judgments—Terms Imposed.**

Upon motion to set aside a judgment by default, upon the grounds that the summons was issued to another county without having affixed the seal of the court issuing it. Revisal, sec. 431. *Held*, the judgment was irregular at best, and it was within the discretion of the trial court to set it aside upon the terms that the defendant enter a general appearance.

**3. Judgments—Irregular—Set Aside—Motions, Time.**

The trial judge may vacate an irregular judgment—*i. e.*, one rendered contrary to the course and practice of the courts, upon a proper showing, upon motion made in a reasonable time, and Revisal, sec. 274, providing for a motion to vacate a judgment upon the grounds of mistake, etc., if made within a year, etc., does not apply as a rule and certainly should not be allowed as controlling.

APPEAL from *W. R. Allen, J.,* at the December Term, 1909, of WAYNE.

Motion to set aside judgment. The facts as to the rendition of the judgment and relevant to the inquiry are set forth in the case on appeal as follows: This was a motion made by the defendant to set aside the judgment by default rendered in the above entitled action at August Term, 1909, of the Superior Court of Wayne County, and a verdict assessing damages, and a judgment rendered thereon at October Term, 1909, of said court upon the grounds hereinafter set forth heard before W. R. Allen, judge, at November Term, 1909, of said court upon affidavits filed by the plaintiff and the defendant, and upon an inspection of the summons and the record. Upon the hearing of said motion his Honor found the following facts:

1. The summons in this actiion was issued on the 19th day of June, 1909, by the clerk of the Superior Court of Wayne County, and directed to the sheriff of Wake County.

2. There was no seal on said summons or attached thereto.

3. That on the 21st day of July, 1909, R. H. Biggs, deputy sheriff of Wake County, read said summons to the defendant.

4. That at the time said summons was read to the defendant there was pending in Wayne Superior Court an action between the plaintiff Calmes and G. A. Norwood, and the defendant had been notified that he would have to be a witness therein.

5. That the defendant, formerly living in Virginia, had been

a resident of this State only a short time, and was unfamiliar with legal proceedings in this State.

6. That prior to the time said summons was read to the defendant the plaintiff had made no demand on the defendant, and defendant had no knowledge that the plaintiff claimed that he owed him anything.

7. That after said summons was read to defendant by said deputy sheriff the defendant asked him if he was summoned as a witness to Wayne Superior Court and was told that he was, which statement was made in good faith and because said deputy did not distinguish between a subpoena and a summons.

8. That relying upon the circumstances hereinbefore set out, and upon the statement of said deputy, the defendant believed that the paper served on him simply required him to attend as a witness, and did not know he had been summoned as a party.

9. That shortly thereafter the defendant wrote G. A. Norwood in whose behalf he thought he had been subpoenaed as a witness inquiring if it would be necessary for him to attend the August Term of the Superior Court of Wayne County, and received a reply, which is hereto attached, marked "A," and in consequence thereof did not attend said court.

10. That the defendant did not know of the pendency of this action until the execution issued upon the final judgment rendered in this action was served on him.

11. That the defendant has a meritorious defense. This finding is for the purpose of this motion only.

12. The notice to set aside the judgments and verdict on the ground of excusable neglect was issued 4 November, 1909, and at the hearing the defendant asked leave to amend by assigning as an additional ground the failure to attach a seal to the summons.

There was no mention in the affidavits filed by the defendant as a ground for setting aside said verdict of the fact that there was no seal on the summons. The motion to set aside the verdict and judgment was continued by consent at the request of the plaintiff from the 29th day of November until the 7th day of December; and was continued by the request of the defendant's counsel, by consent, until the 8th day of December. At

the beginning of the hearing of the motion on the 8th day of December, the defendant for the first time asked to amend his motion so as to include therein the fact that there was no seal on the summons as an additional ground for setting aside the verdict and judgments, which motion was allowed.

　　　　　　　　　W. R. ALLEN, *Judge Presiding.*

Upon these facts the court entered judgment as follows: "And being of opinion thereon that the summons was not valid without a seal, and that it would not be just and equitable to allow the same to be attached now, except upon condition that said judgment and verdict be set aside, and being further of opinion that the neglect of the defendant is excusable, and so finding: It is thereupon considered and adjudged that the judgments rendered in this action at the August and October Terms of the Superior Court of Wayne County and the verdict rendered at said October Term be and the same are set aside upon condition that the defendant enter a general appearance. The defendant is allowed thirty days from the 20th day of December, 1909, to answer." Plaintiff excepted and appealed.

　*A. C. Davis, W. C. Munroe* for plaintiff.
　*F. A. Daniels & Son, Aycock & Winston, Connor & Connor* for defendant.

HOKE, J., after stating the case. The Revisal of 1905, sec. 431, provides that "every summons, addressed to the sheriff or other officer of any county other than that from which it issued, shall be attested by the seal of the court."

There are many cases in our court in which the expression is used that "process to another county without seal is void," others speak of it as a "nullity." *McArter v. Rhea, admr.,* 122 N. C., p. 614; *Taylor v. Taylor,* 83 N. C., p. 116. If these expressions can be considered as in strictness correct, they are only so until the process is validated by amendment, for numerous decisions of this court on the subject hold that the defect suggested may be removed by amendment on application to the proper tribunal, both as to original and final process, and the amendment when made will validate all acts done under the process, in so far as it affects the original parties to the suit or record.

This course, and the effect of it, was suggested as to final process by *Henderson, Chief Justice,* delivering the opinion in the notable case of *Seawell v. Bank of Cape Fear,* 14 N. C., p. 279, and the suggestion was soon thereafter approved by express adjudication as to final process in *Purcell v. McFarland's heirs,* 23 N. C., p. 34, and as to original process in *Clark, admr., v. Hellen,* 23 N. C., p. 421. The power of amendment as applied in these cases and now embodied and perhaps enlarged and extended in our statute, Revisal, 507, was sustained in the more recent case of *Henderson v. Graham,* 84 N. C., p. 496, in which the power of court to amend the summons was directly involved, and in which it was held: "It is error in the court to refuse to amend a summons upon the ground of a want of power. Whether the same should be amended is a discretionary matter and not reviewable. The authorities upon amendment of process (here, to allow clerk to affix his signature to summons) reviewed by *Smith, C. J."* The very liberal and extensive power of amendment and the effect of it when made, approved in these cases, lead the Court in *Vick v. Flourney,* 147 N. C., pp. 209, 216, to speak of the defect as an irregularity, though the comment was made only with reference to the fact that the process could be amended in the discretion of the court. In the case at bar, whether the judgments were void, unless and until the defect was cured by amendment as the authorities seem to hold, or only voidable by reason of irregularity, in either case, we are of opinion that his Honor was right in setting them aside.

In the first case, the question of permitting an amendment and the terms on which such an amendment should be allowed, was entirely in his discretion, as held in *Henderson v. Graham, supra.*

And in the second, that is, regarding the defect as an irregularity, the question of setting aside such a judgment is referred by our decisions to the sound legal discretion of the court. We must not be understood as holding that where an adult business man of sound mind and memory hears a summons properly read to him to attend a given term of the Superior Court and answer a complaint or judgment, will be taken against him, he can be relieved from such judgment on account of surprise or excusable

neglect under sec. 274, Code, Revisal, sec. 513, because some local officer tells him that the summons is only a subpoena to testify in some other case. The section referred to, however, and the decisions under it, are not as a rule intended to be controlling in case of an irregular judgment. It was passed primarily to regulate applications to set aside judgments which were rendered according to the course and practice of the court, and were in all respects regular.

But in case of irregular judgments, different principles may be allowed to prevail; thus in *Becton v. Dunn,* 137 N. C., p. 559, on this subject, the Court held: "Section 274 of the Code, providing that a motion to set aside a judgment for 'mistake, inadvertence, surprise or excusable neglect,' must be made within one year, has no application to an irregular judgment, that is, one contrary to the course and practice of the court."

"3. A motion to set aside an irregular judgment need not be made within one year after rendition of same, but the trial judge may, in his discretion, vacate same upon a proper showing made within a reasonable time." And delivering the opinion, it was said: "The authorities are all to the effect that an irregular judgment may be set aside at a subsequent term, independent of section 274. *Wolfe v. Davis,* 74 N. C., 597. This is not done as a matter of absolute right in the party litigant, but rests in the sound legal discretion of the court. It is always required that a party claiming to be injured should show that some substantial right has been prejudiced, and he must proceed with proper diligence and within a reasonable time."

The judgments rendered in the present case are at best irregular, and on the entire facts as found by the court and relevant to the inquiry we think that his Honor wisely and properly exercised the legal discretion conferred upon him by the law in setting them both aside, and the judgment of the court below is therefore

Affirmed.