STATE EX REL. S. E. MIDGETT v. W. R. GRAY.

(Filed 28 May, 1912.)

1. Appeal and Error — Record — Quo Warranto—Admissions—Corrections —Consent of Attorney-General — Interpretations of Statutes—Practice.

It appearing that, by ·inadvertence, the record in this action of *quo warranto* to try the title of office did not show that permission of the Attorney-General was given according to the requirements of Revisal, sec. 826, it is held that proof of such permission given anterior to the commencement of the action may be offered upon the new trial awarded, and upon failure thereof the action may be dismissed.

2. Two Offices—Acceptance—Vacancy—Constitutional Law.

The acceptance and qualification for one office vacates *co instanti* an office already filled by the same incumbent.

3. Same—Acceptance—Qualification—Oath—Estoppel.

A clerk of the Superior Court, while holding this office, was elected a school committeeman, qualified as such, and after having met with the other committeemen, resigned in writing his position as such to the board of education: *Held*, he was estopped by his resignation to. deny that he had accepted the office, or his qualification therein, and the fact that he was not sworn on the Bible will not avail him.

APPEAL from *Cline, J.*, at November Term, 1911, of DARE.

*Quo warranto* to try title of defendant to the office of Clerk of the Superior Court of Dare County.

This issue was submitted to the jury: "Did defendant accept and qualify and enter upon the duties of School Committeeman of District No. 15, white race, as alleged in the complaint? Answer: No."

The court rendered judgment for the defendant. Plaintiff appealed.

*B. G. Crisp, J. C. B. Ehringhaus, and E. F. Aydlett for plaintiff.*

*D. M. Stringfield and Ward & Grimes for defendant.*

PER CURIAM. 1. It does not appear in the record that the relator has ever obtained the permission of the Attorney-General to institute this proceeding, which is a condition precedent

to the right of plaintiff, who personally does not claim the office, to maintain the action. Revisal 1905, sec. 826.

Since the former opinion in this case was published, but not certified down, we are informed that such permission was given in writing as required by law, but that the record of it was inadvertently omitted in the transcript of appeal. As the case is to be tried again, proof of such permission given anterior to the commencement of the action may then be offered, and for failure to do so the action may be dismissed. No such objection is taken by defendant, and therefore we presume the permission of the Attorney-General was regularly obtained.

2. The plaintiff in apt time asked the court to charge the jury: "If you believe all the evidence in this cause, it will be your duty to answer the issue Yes." This was refused. Plaintiff excepted.

We think the court should have given the instruction.

The defendant offered no evidence. The evidence offered for the plaintiff is uncontroverted, and, if believed, proves these facts:

The defendant was duly elected and qualified as Clerk of the Superior Court of Dare County.

Afterward, on 5 July, 1911, while holding said office, he was duly elected School Committeeman of Dare County for School District No. 15.

On 22 July, 1911, defendant qualified as school committeeman and took the oath of office. On 15 August, 1911, he resigned the office of school committeeman in these words:

*To the Honorable Board of Education, Dare County, N. C.*

GENTLEMEN:—I hereby respectfully tender my resignation as School Committeeman for the Fifteenth District, to take effect from date hereof. This 15th day of August, 1911.

W. R. GRAY,<br>
<em>School Committeeman.</em>

In the meantime he had talked with A. W. Price, County Superintendent of Public Instruction, about the schools.

He had had a meeting in his office with the other two committeemen and with Professor Eason present, who was present upon invitation of W. R. Gray.

It is well settled that the acceptance and qualification for one office vacates *eo instanti* an office already filled by the same incumbent. *Barnhill v. Thompson,* 122 N. C., 493.

That the defendant was not sworn on the Bible when he qualified as school committeeman will not avail him. He is estopped to deny his qualification. *S. v. Long,* 76 N. C., 254; *S. v. Cansler,* 75 N. C., 442.

The defendant, if the evidence is to be believed, held himself out and acted as school committeeman. He signed his name as such and in writing resigned the office of school committeeman. Having resigned such office, the defendant cannot be heard to say that he did not accept it. He could not resign an office which he had never accepted or qualified to discharge its duties.

The former opinion in this case is canceled.

New trial.