TROY AND NORTH CAROLINA GOLD MINING COMPANY v. SNOW LUMBER COMPANY ET AL.

(Filed 23 May, 1917.)

1. **Foreign Corporations—Corporate Powers—Business in Home State—Actions—Defenses.**

   A corporation incorporated in another State with authority to conduct business here, which has complied with our statutes, can maintain an action in our courts although its charter may not authorize it to do business in the State of its incorporation. Rev., 1193.

2. **Foreign Corporations — Corporate Powers — Quo Warranto — Collateral Attack.**

   The right of a foreign corporation to do business in this State under its charter may only be attacked by *quo warranto* with leave of the Attorney-General.

APPEAL by defendants from *Carter, J.,* at September Term, 1916, of MONTGOMERY.

*R. T. Poole, H. F. Hathaway, and U. L. Spence for plaintiff.*
*C. A. Armstrong, Brittain & Brittain, J. A. Spence, and Jerome; Scales & Jerome for defendants.*

CLARK, C. J. This action was brought by the plaintiff, a corporation organized under the general incorporation laws of New York, to recover of the defendants four adjoining tracts of land constituting one body of 410 acres. The case came to this Court on appeal from a judgment overruling a demurrer; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273, and the judgment was sustained. The validity of the deed under which the plaintiff claims title to the lands in controversy was upheld. On this trial, if the evidence as to the lands in controversy put in by the plaintiff is true, it vests the title to the lands in the plaintiff. All the evidence introduced by the defendants in this trial, if believed to be true, is not sufficient to vest the title in the defendants by adverse pos-

session under colorable title. A sufficient length of time does not intervene between the date of the first of their deeds and the bringing of this action. They do not contend that they have shown adverse possession in themselves for a sufficient time to vest the title in them without color. The judge, therefore, properly charged the jury that if they believed the evidence to be true, the jury would answer the issue as to the title in favor of the plaintiff.

The proposition most strenuously argued before us is that the plaintiff corporation is without capacity to sue in North Carolina because its articles of incorporation, taken out under the general statute in New York, set out that the corporators "have associated together as a mining corporation to continue in existence for the period of fifty years from date, for the purpose of carrying on and conducting the business of gold mining on lands situated in the county of Montgomery and State of North Carolina," and that the plaintiff, therefore, has no valid charter, because New York "gave it no authority to do business in that State, and being without authority to do business in the State of its creation, no other State has jurisdiction to grant it power to do business in North Carolina alone." This proposition was most earnestly contended for on the argument here, but we cannot concur in that view, which seems to be the principal reliance of the defendant.

It is true that the plaintiff, having been incorporated by the State of New York, can only do business in this State by comity, and that foreign corporations must be domesticated here whenever so required by the laws of this State, and must designate a person upon whom service can be made and comply with any other requirements of this State as a condition precedent to doing business here. It is not shown that the plaintiff has failed in this respect, and it is by no means unusual for corporations chartered in New Jersey, or other States, to do business conducted altogether elsewhere except that the home office is in the State of its incorporation. For instance, it is well known that the Union Pacific Railroad which operates a line of railroad from Kansas City to Ogden, Utah, though without any trackage in Kentucky, holds its charter under authority of the latter State, of which it is a corporation. In this State the Southern Railway Company operates several hundred miles of railroad, though it is not a corporation of this State. The great United States Fruit Company, which does a large business in tropical fruit in the West Indies and in operating steamship lines, is a corporation chartered in New York, in which it does no business. Indeed, the practice, whether good or evil, of corporations taking out charters in one State to do business solely in others is too general and has been too long recognized to be now questioned. It is only necessary that such nonresident corporations shall comply with the requirements

of the statute of the State, or States, other than that of its orogin as to the conditions precedent to doing business in such oher States. Revisal, 1193, expressly authorizes this.

The articles of incorporation in this case are, therefore, not void on their face, as contended by the defendants. It is true that a corporation can exercise in another jurisdiction only such. powers as are set forth in its articles of incorporation, *R. R. v. Gebhard,* 109 U. S., 537; and this rule the plaintiff has observed. If it had violated the same, that matter could not be set up by the defendant in this collateral way, but it would be necessary that a *quo warranto* be instituted by leave of the Attorney-General. *Banking Co. v. Tate,* 122 N. C., 313. The corporation in this case put in evidence the certificate of our Secretary of State showing that it had been duly domesticated here and had complied with the requirements of our statute to that end.

On examination of the record and exceptions we find

No error.