STATE Ex Rel. R. B. McLEOD v. R. W. PEARSON.

(Filed 9 October, 1935.)

**Process A a—Signature of clerk is essential part of summons and must appear on summons served under the provisions of C. S., 881.**

In order for a valid service of summons in *quo warranto* proceedings under the provisions of C. S., 881, it is necessary that a true copy of the summons be left at the last address of the defendant, and where the summons so served is not signed by the clerk, but is a true copy of the original, it is fatally defective, since the signature of the clerk is an essential part of the summons, C. S., 476, and if the summons so served is not a true copy of the original, it is insufficient under the statute for the substituted service therein provided for.

APPEAL by defendant from *Harding, J.,* at Chambers in Avery County, 23 April, 1935. From WILKES.

Civil action to try title to office of clerk Superior Court of Alexander County, instituted in the Superior Court of Wilkes County, and service

of summons sought to be obtained under C. S., 881, by leaving copy at last residence of the defendant.

The copy of the summons left at defendant's residence did not purport to be signed by the clerk or to be under seal, nor did it contain any copy of the prosecution bond.

The defendant appeared specially and moved to quash the summons and dismiss the action on the ground that he had not been brought into court on any valid and binding service of process. The motion was allowed by the clerk, and reversed by the judge of the Superior Court on appeal.

From this latter ruling the defendant appeals, assigning errors.

*Baxter M. Linney, Trivette & Holshouser, and Tressie J. Pierce for plaintiff.*

*J. H. Whicker, Burke & Burke, and Parrish & Deal for defendant.*

STACY, C. J. It must be held, we think, that the purported service of process was not sufficient to bring the defendant into court. *Dowling v. Winters, ante,* 521; *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Graves v. Reidsville,* 182 N. C., 330, 109 S. E., 29.

It is provided by C. S., 881, that service of summons and complaint in *quo warranto* proceedings "may be made by leaving a copy at the last residence or business office of the defendant or defendants, and service so made shall be deemed a legal service." This, we apprehend, means a true copy of the summons and complaint.

If the copy of summons left at defendant's residence be a true copy of the original, then the summons was fatally defective, for it was neither signed by the clerk nor under seal. It is provided by C. S., 476, that "summons must . . . be signed by the clerk," and if addressed to the sheriff or other officer of a county other than that from which it is issued, it "must be attested by the seal of the court." The omission of the seal from the copy may not have been capitally important. *Elramy v. Abeyounis,* 189 N. C., 278, 126 S. E., 743. But the signature of the clerk is an essential part of the summons. *McArter v. Rhea,* 122 N. C., 614, 30 S. E., 128; *Perry v. Adams,* 83 N. C., 266; *Taylor v. Taylor, ibid.,* 118; *Freeman v. Lewis,* 27 N. C., 91; *Finley v. Smith,* 15 N. C., 95; *Seawell v. Bank,* 14 N. C., 279; *Shackleford v. McRae,* 10 N. C., 226; *Buchannan v. Kennon,* 1 N. C., 593.

On the other hand, if the copy of summons left at defendant's residence be not essentially a true copy of the original, then it would be insufficient under the statute, for only by virtue of C. S., 881, is substituted service allowable in this way. *Dowling v. Winters, supra.*

There was no request to amend *nunc pro tunc,* as in *Casualty Co. v. Green,* 200 N. C., 535, 157 S. E., 797; *Calmes v. Lambert,* 153 N. C., 248, 69 S. E., 138; *Vick v. Flournoy,* 147 N. C., 209, 60 S. E., 978; *Cook v. Moore,* 100 N. C., 294, 6 S. E., 795; *Henderson v. Graham,* 84 N. C., 496.

It also appears that the action was instituted without proper indemnity bond. *Cooper v. Crisco,* 201 N. C., 739, 161 S. E., 310; *Midgett v. Gray,* 158 N. C., 133, 73 S. E., 791; *S. c.,* 159 N. C., 443, 74 S. E., 1050.

Error.