Action against individual defendant, administratrix of the deceased guardian of an incompetent, and the corporate defendants, sureties on the guardian's bond.
Summons was duly issued out of the Superior Court of Harnett County by the clerk thereof, under seal, 29 November, 1935, and service upon the corporate defendants attempted by delivering copies of the summons and complaint to the Insurance Commissioner of North Carolina in the county of Wake, pursuant to the statute. Prosecution bond was duly executed and filed at the time of issuance of summons, and the complaint was signed by counsel and duly verified.
Upon the copies delivered by the sheriff of Wake County to the Insurance Commissioner, however, did not appear the name of the clerk, nor the impression seal, nor the name of plaintiff's attorney. In all other respects the papers so delivered to the Insurance Commissioner were true copies of the summons and complaint.
In apt time the defendant Massachusetts Bonding and Insurance Company entered special appearance before the clerk and moved to strike out the entry of service and to dismiss the action on the ground that no summons had been issued, and that there had been no service of summons on the movant. And the plaintiff caused notice to be served on said defendant of plaintiff's motion that the clerk hear and consider the motion to dismiss and that he make appropriate orders with respect thereto. Upon the hearing of said motions before the clerk, he made an order that the name of the clerk, the official seal, and the name of plaintiff's attorney be affixednunc pro tunc to the copies of summons and complaint delivered to the Insurance Commissioner for the moving defendant.
The clerk further found the facts and adjudged that the failure to place the name of the clerk and seal on the copy of the summons and the name of the attorney on the copy of the complaint was harmless and immaterial omission; that all information necessary was furnished the defendant, and that it was in no way prejudiced thereby, and thereupon denied the motion to dismiss the action or to strike out the entry of service.
Upon appeal to the judge, the ruling of the clerk was affirmed, and defendant appealed to this Court.
It is apparent that the summons was properly issued, under seal, and prosecution bond and verified complaint duly filed. While the copies delivered to the Insurance Commissioner for the defendant did not show the name of the clerk, the seal of the court, nor the name of plaintiff's attorney, these omissions were supplied by proper order nunc pro tunc, and thus any defect in the service was cured. McLeod v. Pearson, 208 N.C. 539;Casualty Co. v. Green, 200 N.C. 535; Calmes v. Lambert, 153 N.C. 248;Henderson v. Graham, 84 N.C. 496.
The findings and order of the clerk, affirmed by the judge on appeal, sustain the judgment.
Affirmed.