MRS. CLARA BOURNE, ADMINISTRATRIX OF THE ESTATE OF FREDERICK T. BOURNE, DECEASED, v. SOUTHERN RAILWAY COMPANY.

(Filed 20 September, 1944.)

**1. Trial § 22a: Judgments § 33a—**

Although a judgment of nonsuit does not necessarily decide the merits of the cause of action, it is a final judgment in that it terminates the action. If there is no appeal or if the nonsuit is sustained on appeal, plaintiff, if he would prosecute his claim further, must institute a new action. G. S., 1-25.

**2. Trial § 25—**

When a defendant, at the close of plaintiff's evidence, moves for judgment dismissing the action as of nonsuit, he in effect submits to a voluntary nonsuit on any counterclaim set up by him.

APPEAL by defendant from *Nettles, J.*, at April Term, 1944, of BUNCOMBE. Affirmed.

Civil action under the Federal Employers' Liability Act for damages for wrongful death heard on motion to dismiss for that another action by the same parties for the same cause of action is now pending in the same court.

The plaintiff instituted suit against the defendant in the Superior Court of Buncombe County, 16 October, 1941, and filed complaint setting out a cause of action for damages for wrongful death arising out of the negligence of the defendant.

Defendant answered denying negligence on its part and pleading a counterclaim, alleging it had been damaged by the negligence and wrongful conduct of plaintiff's intestate while wrongfully acting as engineer. Plaintiff replied thereto.

The case was heard before Clement, J., at the April, 1943, Term of the Superior Court of Buncombe County. At the close of the evidence for plaintiff, the defendant moved for judgment as in case of nonsuit. The motion was sustained and judgment was entered "that the action be, and the same is hereby nonsuited and dismissed at the cost of the plaintiff." The judgment contains further provision as follows: "The Court of its own motion orders a mistrial as to the counterclaim and continues the same."

The plaintiff excepted and appealed to the Supreme Court, and her appeal was dismissed at the Fall Term, 1943.

The plaintiff, on 5 October, 1943, instituted this action against the defendant, setting out in her complaint substantially the same cause of action as alleged in the original suit. The defendant answered and pleaded: (a) the pendency of another action, and move for dismissal for that reason, and (b) res adjudicata by virtue of the judgment in the first cause. It also denied any negligence on its part and reasserted its counterclaim for damages sustained.

The motion of defendant to dismiss the action for that there is another action pending came on to be heard in the court below and was overruled. Defendant excepted and appealed.

*Jordan & Horner and Williams & Cocke for plaintiff, appellee.*

*W. T. Joyner and Jones, Ward & Jones for defendant, appellant.*

BARNHILL, J. Is the original action, *non constat* the judgment of nonsuit, still pending in the Superior Court of Buncombe County? The court below answered no. We concur.

"Nonsuit" is a process of legal mechanics. The case is chopped off. *Corcoran v. Transportation Co.,* 57 S. E., 962. It is a judgment of dismissal. *Anderson v. Distributing Co.,* 55 S. W. (2d), 688. It dismisses the action. Cyclopedic Law Dic., 2nd Ed. (Callaghan). Although it does not necessarily decide the merits of the cause of action, it is a final judgment in that it terminates the action itself.

"Nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case . . ." *Cooper v. Crisco,* 201 N. C., 739, 161 S. E., 310. "A nonsuit is but like the blowing out of a candle, which a man at his own pleasure may light again." *Hickory v. R. R.,* 138 N. C., 311, 50 S. E., 683. If there is no appeal or if the nonsuit is

sustained on appeal, plaintiff, if he would prosecute his claim further, must institute a new action. G. S., 1-25, C. S., 415.

The words "new action," "new suit," and "original suit" as used in this statute, G. S., 1-25, clearly import that a judgment of nonsuit terminates the original action. They indicate a difference in the two actions though the causes may be identical. *Cooper v. .Crisco, supra.* The distinction is observed in decisions referring to the causes of action in the respective suits, to a restatement of the same cause in the latter action, and to "another action," "second action," the "former action," and a "subsequent action." See *Cooper v. Crisco, supra,* and cases cited.

The fact that defendant had pleaded a counterclaim does not affect the finality of the judgment. When the defendant, at the close of the evidence for plaintiff, moved for judgment dismissing the action as of nonsuit, it in effect submitted to a voluntary nonsuit on its counterclaim. *Gruber v. Ewbanks,* 199 N. C., 335, 154 S. E., 318.

It cannot put its adversary out of court and at the same time retain the cause in court. *Morse v. Turner,* 92 S. E., 767. It elected to move for a dismissal of the action by judgment of nonsuit and it announced at the time that upon the granting of the motion it would submit to voluntary nonsuit on its counterclaim. The motion was granted and judgment of dismissal was entered. Thus plaintiff's action and defendant's counterclaim fall together.

The court may have committed error in dismissing the action while the counterclaim was pending. If so, it was error and no more. The judgment was entered at the instance and upon the motion of defendant. It is not now in a position to insist that the action is still pending.

While there is some division of opinion on this question, the weight of authority is in accord with this conclusion. *Morse v. Turner, supra; Lumber Co. v. Dalrymple,* 21 Atl., 949; *McClellan's Adm'r v. Troendle,* 99 S. W., 329; *Rice-Stix Dry Goods Co. v. Friedlander Bros.,* 122 S. E., 890; *Hodges v. GMAC,* 141 So., 783; *Bell v. Leiendecker,* 170 So., 386; *Finch v. Ekstrom,* 1 Pac. (2d), 516; *Whitaker v. Wright,* 129 So., 889; *Crocker v. Chillingworth,* 143 So., 346; *McMillan v. Lorimer,* 107 So., 239; *Picard Const. Co. v. Board of Com'rs.,* 109 So., 816; *Erskine v. Gardiner,* 110 So., 97; *Miller v. Davis,* 217 N. W., 904; *Chavez v. Ade,* 34 Pac. (2d), 670; *Gafford v. Twitty,* 115 S. E., 105; *State v. C. S. Jackson & Co.,* 82 So., 213; *Herring-Hall-Marvin Safe Co. v. Purcell Safe Co.,* 158 Pac., 477.

The judgment below is
Affirmed.