JOHN H. BURTON AND EARL BURTON REPRESENTING THE CITIZENS AND TAXPAYERS OF THE CITY OF REIDSVILLE, AND SUCH OTHER TAXPAYERS AS SHALL ASK TO BE MADE PARTIES TO THIS ACTION (ORIGINAL PARTIES PLAINTIFF); J. W. AMOS, MRS. C. E. WARNER AND CLAUDE S. BURTON (ADDITIONAL PARTIES PLAINTIFF) v. THE CITY OF REIDSVILLE; GEORGE HUNT, JAMES L. THOMPSON, SR., W. B. PIPKIN, CLYDE COBB, AND WILLIAM G. SPRINGS, IN THEIR CAPACITY AS MEMBERS OF THE CITY COUNCIL OF THE CITY OF REIDSVILLE AND ALSO IN THEIR CAPACITY AS INDIVIDUALS.

(Filed 13 January, 1956)

**1. Appeal and Error § 50—**

Where it appears that the lower court dismissed the action as of nonsuit and thereafter entered a conditional judgment on the merits, so that the judgment can properly be neither affirmed nor reversed, the cause will be remanded for a hearing *de novo.*

**2. Trial § 26: Judgments § 17d—**

When the court allows motion to dismiss as in case of nonsuit, it terminates the action, and no suit is thereafter pending in which the court can make a valid order.

**3. Municipal Corporations § 8d—**

The disposition of apartment houses owned by the city and situate on lands of others, rests in the sound discretion of the council of the city.

**4. Constitutional Law § 10a: Administrative Law § 2: Public Officers § 7b—**

Discretionary power vested in administrative agencies or officials connotes the authority to choose between alternative courses of action, and, under the separation of powers, the courts are without authority to act as supervisory agencies to control and direct the exercise of such discretion so long as the agencies or officials act in good faith and in accordance with law, but may, in a proper proceeding, determine only whether such power has been exercised capriciously or arbitrarily or in bad faith or in disregard of law.

**5. Same—**

Where the exercise of discretionary power by a municipality is attacked on the ground that the city officials acted arbitrarily and in bad faith, nonsuit cannot be properly entered, but the court should hear the evidence, find the ultimate facts, and enter an affirmative judgment, the question of abuse of discretion being one of fact for the court.

APPEAL by plaintiffs from *Johnston, J.,* March Term, 1955, ROCKINGHAM.

Civil action instituted by taxpayers to enjoin the City of Reidsville from destroying three low-cost apartment buildings belonging to the City.

This cause was here on a former appeal, *Burton v. Reidsville,* 240 N.C. 577, 83 S.E. 2d 651. The essential facts are there stated. We held on that appeal that the complaint sufficiently pleaded an arbitrary abuse of discretion by the individual defendants, members of the City Council of the corporate defendant.

After our opinion on the former appeal was certified to the court below, the complaint was amended to allege that "The apartments are not a public nuisance and the threatened destruction of the said apartments constitutes an arbitrary or capricious exercise of discretion by the City Council."

When the cause came on for trial, a jury was duly selected and impaneled. At the conclusion of the plaintiffs' evidence in chief, the court, on motion of defendants, granted the defendants' motion for judgment as in case of nonsuit. It thereupon entered a judgment of nonsuit. It then announced that it would rule upon the matter as if a question of fact for the court was presented. The defendants announced that they would offer no evidence. *"The Court further ruled that if the pleadings and evidence present a question of fact for the Court,* then the Court is of the opinion and finds as a fact that the City Council of the City of Reidsville in adopting the resolution of April 13, 1954, with reference to the Thomas Street Apartments did not act arbitrarily and capriciously, and did not abuse the discretion reposed in said City Council." (Italics supplied.) It then entered its decree dismissing the action as of nonsuit, adjudging that defendants had not abused their discretion, and dissolving the restraining order. Plaintiffs excepted and appealed.

*Gwyn & Gwyn for plaintiff appellants.*
*Brown, Scurry & McMichael for defendant appellees.*

BARNHILL, C. J. This proceeding became so entangled in a snarl of procedure in the court below that no course is left open to us except to vacate the judgment entered and remand the cause for hearing in accord with the applicable principles of law.

As the record now stands, we have a judgment dismissing the action and, at the same time, affirmatively adjudicating the rights of the parties "if the pleadings and evidence present a question of fact for the Court." But the court did not decide whether the pleadings and evidence present an issue of fact for a jury or a question of fact for the court. Thus we have a conditional judgment on the merits after the cause had been dismissed for the reason plaintiffs had offered no evidence of sufficient probative force to be submitted to a jury. We cannot either affirm or reverse the judgment without leaving a false impression as to what we have decided.

When the court allowed the motion to dismiss as in case of nonsuit, it thereby terminated the action, and no suit was thereafter pending in which the court could make a valid order.

As we stated in *Bourne v. R. R.*, 224 N.C. 444, 31 S.E. 2d 382:

" 'Nonsuit' is a process of legal mechanics. The case is chopped off. *Corcoran v. Transportation Co.*, 57 S.E. 962. It is a judgment of dismissal. *Anderson v. Distributing Co.*, 55 S.W. 2d 688. It dismisses the action. Cyclopedia Law Dic., 2nd Ed. (Callaghan). Although it does not necessarily decide the merits of the cause of action, it is a final judgment in that it terminates the action itself.

" 'Nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case . . .' *Cooper v. Crisco*, 201 N.C. 739, 161 S.E. 310. 'A nonsuit is but like the blowing out of a candle, which a man at his own pleasure may light again.' *Hickory v. R. R.*, 138 N.C. 311, 50 S.E. 683 . . .

"It cannot put its adversary out of court and at the same time retain the cause in court. *Morse v. Turner*, 92 S.E. 767 . . ."

The disposition of the apartment houses described in the complaint, situated as they are on the land of others who demand one-half of the rents, rests within the sound discretion of the defendant members of the Council of the City of Reidsville. *In re Housing Authority*, 235 N.C. 463, 70 S.E. 2d 500; *Pue v. Hood, Comr. of Banks*, 222 N.C. 310, 22 S.E. 2d 896; *Mullen v. Louisburg*, 225 N.C. 53, 33 S.E. 2d 484; 37 A.J. 741, sec. 117. And discretion in a legal sense means the power of free decision; undirected choice; the authority to choose between alternative courses of action. Webster, New Int. Dic., 2nd Ed.; Callaghan, Cyc. Law Dic., 2nd Ed.

The acts of administrative or executive officers are not to be set at nought by recourse to the courts. Nor are courts charged with the duty or vested with the authority to supervise administrative and executive agencies of our government. However, a court of competent jurisdiction may determine in a proper proceeding whether a public official has acted capriciously or arbitrarily or in bad faith or in disregard of the law. *Pue v. Hood, Comr. of Banks, supra*. And it may compel action in good faith in accord with the law. But when the jurisdiction of a court is properly invoked to review the action of a public official to determine whether he, in choosing one of two or more courses of action, abused his discretion, the court may not direct any particular course of action. It only decides whether the action of the public official was contrary to law or so patently in bad faith as to evidence arbitrary abuse of his right of choice. If the officer acted within the law and in good faith in the exercise of his best judgment, the court must decline to interfere even though it is convinced the

official chose the wrong course of action. The right to err is one of the rights—and perhaps one of the weaknesses—of our democratic form of government. In any event, we operate under the philosophy of the separation of powers, and the courts were not created or vested with authority to act as supervisory agencies to control and direct the action of executive and administrative agencies or officials. So long as officers act in good faith and in accord with the law, the courts are powerless to act—and rightly so.

Here there is evidence the individual defendants declined to consider the purchase of the land on which the apartments are located, or a public sale of the land and buildings with an equitable division of the proceeds of sale, or to make any offer of any type to the landowners. The resolution ordering that the buildings be torn down makes no provision for salvaging the lumber and other material. While the buildings are temporary structures, there is evidence that the interiors of the apartments are quite presentable, and the exterior can be made so.

Therefore, we are unwilling to say on this record there is no evidence that the defendants have stubbornly refused to deal with the landowners or to consider any disposition of the buildings other than to tear them down. However, defendants offered no evidence, and there are intimations in the record that there is a pre-existing agreement requiring the destruction of the buildings. When the defendants present their proof, it may become quite apparent that they have acted in good faith after full consideration and in the best interest of the defendant municipality.

It is a question of fact for the court below to decide. After hearing the evidence, it should find at least the ultimate facts and render its judgment on the facts found.

Incidentally, this is not a case for nonsuit. On the evidence offered an affirmative judgment should be entered either for or against the defendants. In arriving at its judgment, the court may, by consent of the parties, consider the evidence in the case agreed and such other testimony as the parties may desire to offer. This will save much time and expense.

The cause is remanded for a hearing *de novo*.

Error and remanded.