*30 Vroom.*    New Jersey Zinc Co. v. Lehigh Zinc Co.

THE NEW JERSEY ZINC AND IRON COMPANY, PLAINT-
IFF IN ERROR, v. THE LEHIGH ZINC AND IRON COM-
PANY, DEFENDANT IN ERROR.

1. Private memoranda of the plaintiff's business made by its bookkeeper, which were not the original statements of the transactions to which they referred, which were made by one who was not cognizant of the transactions, which were not contrary to the interest of the person who made them, and which did not relate to dealings with the defendant, were not legal evidence in favor of the plaintiff against the defendant to prove the transactions.

2. Books of science are generally inadmissible as evidence to prove the opinions contained in them; but if a witness refers to them as an authority for his own opinions, they may be received for the purpose of contradicting him.

3. Evidence showing that the plaintiff's predecessor in title had, by his conduct while he held the title, disavowed the claim now set up by the plaintiff under the title, is competent against the plaintiff.

4. The defendant offered in evidence the minute-book of the plaintiff's proceedings, for the purpose of showing the action of the plaintiff in view of a certain agreement made between third parties and recited in the minutes. *Held*, that the evidence was competent, without producing the agreement itself or accounting for its non-production.

5. Who is entitled to be considered as an expert in regard to any matter of science or skill, is a question which must be left very much to the discretion of the trial court, and its decision is conclusive unless clearly shown to be erroneous in matter of law.

6. The interest of an expert witness affects the weight not the legality of his testimony.

7. A copy of an English patent is not legal evidence to prove the practicability of the process described in it.

8. When the subscribing witnesses to the execution of a writing are shown to be out of the state, other proof of its execution is competent.

On error to the Supreme Court.

For the plaintiff in error, *Thomas N. McCarter* and *Frederic W. Stevens.*

For the defendant in error, *Richard Wayne Parker,* *Charles D. Thompson* and *Gilbert Collins.*

The opinion of the court was delivered by

DIXON, J.   The New Jersey Zinc and Iron Company instituted an action of ejectment in the Supreme Court against the Lehigh Zinc and Iron Company, to recover possession of a vein of ore on Mine Hill farm, in the county of Sussex. On the trial in that county a verdict was rendered for the defendant, and the exceptions there taken by the plaintiff form the basis of the assignments of error presented for review by this court.

Many of these exceptions were directed against the rulings of the trial justice, which followed the lines laid down by the opinion of this court delivered in an action of trover brought by the same plaintiff against the same defendant for the conversion of ore taken from the same vein.   26 *Vroom* 350. On the discussion of this cause before us, that opinion was assailed at great length and with much zeal by counsel for the plaintiff; nevertheless, the court adheres to the views there expressed, as the most reasonable and practicable of those suggested, with respect to the title of these litigants and the evidence by which it may lawfully be supported or impugned. Numerous exceptions to the admission or rejection of testimony, and all of the exceptions to the charge and to the refusals to charge (save as to a few requests to charge matters which could not affect the issues submitted to the jury), stand in the category just mentioned.   It is not deemed necessary to bestow upon them further notice.

The printed case submitted to us seems to contain the stenographer's notes of the trial.   These notes frequently indicate that exceptions were taken on behalf of the plaintiff which have not been sealed by the trial justice.   This, perhaps, is an illustration of what Mr. Justice Brown said in *Grayson* v. *Lynch*, 163 *U. S.* 468, 485: "There is always a possibility that, in the very abundance of alleged errors, a substantial one may be lost sight of."   We can deal only with those which have been sealed.

The court has endeavored to give, and I have no doubt has given, due consideration to every legal assignment of error,

but a special reference to each one of them would only involve a reiteration of rules which are thoroughly settled. Some of the exceptions touching the admission of evidence must be discarded as frivolous, some because no ground of objection was stated at the trial (*Mooney* v. *Peck*, 20 *Vroom* 232), others because they were practically abandoned on the argument, and still others for the reason that the rulings were harmless or were within the discretion of the trial judge.

The exceptions which do not plainly range themselves in these classes will now be considered.

In examining them it should be borne in mind that the central question of fact to be decided by the jury was whether the vein in dispute consisted of franklinite or iron ore that could be removed without disturbing any vein, stratum or mass of ore which, in 1848, when the plaintiff's title originated in a deed from Samuel Fowler to the Sussex Zinc and Copper Mining and Manufacturing Company, would have been thought reasonably fit to mine for zinc. The plaintiff contended for the negative of this question.

An exception is sealed upon the exclusion, as evidence, of certain slips made out by the plaintiff's bookkeeper in the regular course of his business from reports sent to him daily by persons engaged in the plaintiff's manufacturing department, which slips purported to show what materials had been placed in the plaintiff's furnaces and what products had been obtained therefrom between August 10th, 1867, and November 10th, 1868. The avowed object of offering the slips was to prove that at the time stated the plaintiff had manufactured zinc from such ore as was in controversy. These slips had none of the characteristics on the strength of which private memoranda of previous transactions have been received as juridical evidence. They were not original statements of the transactions to which they referred; they were not written by one who had taken part in or even been cognizant of those transactions; they were not contrary to the interest of the person who made them, nor did they relate to dealings with the party against whom they were offered. We have been

unable to discover any legal principle which would render them evidential against the defendant, and we think they were properly rejected.

Another exception arose in this way : A witness produced as an expert by the plaintiff testified with regard to the feasibility, in 1848, of extracting zinc from the ore in controversy, and during his cross-examination he mentioned several scientific books on which he, in part, based his opinion. The plaintiff then offered these books as evidence to corroborate the witness and they were excluded. The general rule on this subject is thus stated in 7 *Am. & Eng. Encycl. L.* 513 : " Books of science are inadmissible in evidence to prove the opinion contained in them ; but if a witness refers to them as an authority they may be received for the purpose of contradicting him." In 22 *Am. L. Reg. (N. S.)* 104 may be found a reference to many cases in which this rule has been upheld, and Dr. Wharton has summarized the reasons for the rule in his work on *Evidence*, § 665. The admission of almanacs, mortuary tables and perhaps some other scientific publications of undisputed accuracy seems to form an exception to the rule. The practice in New Jersey has conformed to this doctrine, and the course adopted at the trial was right. The rule covers also the admission of " Whitney's Metallic Wealth of the United States," on the cross-examination of Mr. Williams.

Other exceptions relate to the admission, as evidence offered by the defendant, of certain instructions, given orally and in letters by successive presidents of the New Jersey Zinc Company to their subordinates, with regard to the working of the company's mines in the neighborhood of the disputed vein. These instructions were given and acted upon while that company owned and was operating under the title on which the plaintiff now relies, and they were received in evidence with the view of showing that the plaintiff's predecessor in title had by its conduct disavowed the claim now asserted. Such evidence is legitimate. 1 *Phil. Ev.* 526 ; *Ten Eyck* v. *Runk*, 2 *Dutcher* 513. The fact that part of this conduct took

place after the New Jersey Zinc Company had obtained a decree against the Boston Franklinite Company adjudging it to be the owner of this vein, while of course it detracted much from the force of any alleged signs of renunciation, did not render the evidence illegal. Some of the letters also appear to assert, rather than disclaim, the plaintiff's title. If for that reason they might have been excluded from the jury, their admission could work no harm to the plaintiff. To the suggestion that the court ought to have directed the jury to put upon the letters a construction favorable to the plaintiff, it must be answered that we find no exception touching anything which the court said or refused to say as to their meaning.

On similar ground stands the reception in evidence of admissions made by the plaintiff and its predecessors in title in contracts and suits to which they were parties. The objection now urged against the competency of some of these records, that under the English rule the statements of a bill in equity cannot be treated as admissions of the complainant, was not suggested at the trial, and hence cannot now prevail. *Delaware, Lackawanna and Western Railroad Co. v. Dailey,* 8 *Vroom* 526. With regard to the objection that the minutes of the plaintiff's proceedings, reciting the provisions of a contract between Moses Taylor and the New Jersey Zinc Company and its stockholders, were received in evidence without producing the contract itself or accounting for its absence, the answer is that the pertinency of the testimony lay not in its proving the contract as a binding obligation of the parties named in it, but in its showing the action of the plaintiff in view of the matters recited. For this purpose it was not essential that the truth of the recitals should be otherwise indicated. The case is within the rule that where the writing is only collateral to the question in issue, it need not be produced. 1 *Phil. Ev.* *579.

The defendant offered August Hecksher as an expert witness on the point in controversy, and the plaintiff objected to him on the ground that his investigation had commenced only

after he had become pecuniarily interested in the defendant's claim, which was as early as 1881, and had been prosecuted with the view of ascertaining the extent and validity of that claim. His testimony was received and exception thereto sealed. It appeared that the witness had been the defendant's business manager ever since 1881; that as such he had become familiar with the mineral deposits on Mine Hill farm and with the various processes of reducing zinc ores; that he had visited many other zinc mines in this country and abroad, and several reduction works in Missouri, Kansas and Virginia; that he had read all the standard books on the reduction of zinc ores from the year 1830 to the present time, and had studied the subject thoroughly and continuously since 1881; that when he began his studies he did not know of any other claim to the ore now in dispute than that of the defendant, and that his examination was not made with a special view to litigation existing or anticipated about franklinite or zinc ores. These circumstances presented a fair case for the decision of the court below.

Who is entitled to be considered as an expert in regard to any question of science or skill cannot be determined by any precise rule, but from the nature of the case must be left very much to the discretion of the trial judge, and his decision is conclusive unless clearly shown to be erroneous in matter of law. *Castner* v. *Sliker*, 4 *Vroom* 95; *S. & B. Manufacturing Co.* v. *Phelps*, 130 *U. S.* 520; *Rogers Exp. Test.*, § 22. The interest of the witness affected the weight but not the legality of his testimony. *Dickenson* v. *Fitchburg*, 13 *Gray* 546. We think there was no error in admitting the evidence.

The plaintiff offered in evidence a copy of an English patent issued in May, 1836, as tending to maintain its contention that, before 1848, there was a process known by which the vein in dispute was available for the production of zinc. The patent showed but two things—*first*, that the patentee claimed to have invented a process for using a blast furnace in the making of metallic zinc; *second*, that his claim had been allowed by the authorities of the patent office. We

cannot see how either of these things could affect the defendant on the issue before the jury. Of course, evidence that the process had been successfully employed for the purpose indicated would have been competent, as would also the testimony of experts that it was practicable, but neither the claim nor the *ex parte* decision embodied in the patent was of any force in this controversy.

Other exceptions rest on the admission of writings, to the execution of which there were subscribing witnesses, without producing any of those witnesses. It having been previously shown that all of the witnesses were out of the State of New Jersey, other proof of execution was competent. 1 *Phil. Ev.* 493.

We have found no error in the record, and the judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, BARKALOW, BOGERT, NIXON. 9.

*For reversal*—DEPUE, GUMMERE. 2.