GEORGE W. WORMAN v. HARRY W. SEYBERT—CLAIM OF
HELEN T. SMITH TO LAUNCH "SUE" ATTACHED AS
THE PROPERTY OF HARRY W. SEYBERT.

Submitted March 19, 1909—Decided June 7, 1909.

Where the subscribing witnesses to a bill of sale reside in another
state, proof of their handwriting is *prima facie* evidence of the
due execution of the instrument.

On appeal from the District Court of the city of Camden.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *French & Richards*.

For the appellee, *Howard L. Miller*.

The opinion of the court was delivered by

TRENCHARD, J.   This was an action to try the title to the
launch "Sue" attached by the sergeant-at-arms of the Camden
District Court as the property of Harry W. Seybert, in the
suit of George W. Worman against Harry W. Seybert, and to
which Helen T. Smith filed a claim of title.

Upon trial the learned judge of the District Court directed
a verdict for the defendant, Worman, upon the ground that
the claimant had failed to prove title, and from the judgment
entered thereon the claimant appeals.

Among other reasons specified for reversal is this:   That
the District Court refused to admit in evidence a bill of sale
from Harry W. Seybert to Helen T. Smith, offered by the
claimant.

The bill of sale, by virtue of which Miss Smith claimed
title to the launch in question, showed upon its face that it
had been attested by two witnesses.   At the trial the claimant
called a witness who testified that he knew the handwriting

of both subscribing witnesses, that the same was their handwriting, and that he was present when they signed their names and that they were both residents of Philadelphia.

The general rule is that the attesting witness to a written instrument is regarded as the person who must be called to prove its execution when he can be had, as it is said that the parties selected him to enable them to refer the execution of the document to him in case any question should arise over its execution. *Williams* v. *Davis,* 1 *Penn.* 259; *Williamson* v. *Wright,* 2 *Id.* 539; *King* v. *King,* 1 *Stock.* 44; *Corlies* v. *Vannote,* 1 *Harr.* 324.

Where the attesting witness cannot be had by reason of his death, or because he is beyond the jurisdiction of the court, or if living and his whereabouts cannot be ascertained by the use of diligence, secondary evidence is allowed. *New Jersey Zinc, &c., Co.* v. *Lehigh Zinc, &c., Co.,* 30 *Vroom* 189; *Lorrillard* v. *Van Houten,* 5 *Halst.* 270.

Where the attesting witness is thus unavailable, proof of his handwriting is admissible as secondary evidence, and is *prima facie* evidence of the due execution of the instrument. *Glover* v. *Armstrong,* 3 *Gr.* 186; *Servis* v. *Nelson,* 1 *McCart.* 94.

In the present case, it appearing that the subscribing witnesses were residents of another state, proof of their handwriting was *prima facie* evidence of the due execution of the bill of sale, and its exclusion was therefore erroneous.

This result renders unnecessary the consideration of other reasons specified for reversal.

The judgment of the District Court must be reversed and a *venire de novo* awarded.