## WESTERN UNION TELEGRAPH CO. v. AMMANN.

(Circuit Court of Appeals, Third Circuit. February 28, 1924.)

### No. 3049.

1. **Evidence ⚖➛558(11)—Physician not to be impeached by medical works.**
   When a physician testifies from his own experience as an expert, he may not be impeached by medical works on which he has not relied as authority for his testimony.

2. **Courts ⚖➛348—Federal court governed by state rules of evidence.**
   In administering state law, a federal court is governed by state rules of evidence, unless there is a federal rule to the contrary.

3. **Appeal and error ⚖➛1050(1)—Admission of evidence held harmless.**
   Where physician was permitted to testify that colon appearing in picture in medical book was a normal colon and normal in position, but neither the book nor picture was admitted in evidence, and neither was seen by judge or jury, there was no prejudicial error in the admission of the evidence, where the witness further testified that the colon was higher in position than that of plaintiff as it appeared in an X-ray photograph, but the difference was due to different types of individuals.

4. **Evidence ⚖➛558(11)—Evidence held not erroneously admitted or harmful.**
   In an action for personal injuries, in which plaintiff complained of a fallen colon, where physician testified without objection that picture of colon appearing in a certain book was in a different position from that of plaintiff, and was then asked if the book was a regular book for enlightenment of physicians and surgeons, and was allowed over objection to answer, "Yes," and without objection plaintiff's counsel read from the

⚖➛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

book, and an objection was then made and overruled, but counsel did not read further from the book, *held*, that the evidence was not erroneously admitted.

**5. Judgment ⬤ 570(3)—Nonsuit does not bar another action in New Jersey.**

If a nonsuit is granted under New Jersey law at the instance of plaintiff, while the defendant insists on a verdict and judgment, the result is inconclusive, and plaintiff is not barred from another action.

In Error to the District Court of the United States for the District of New Jersey; John Rellstab, Judge.

Action by Ella M. Ammann against the Western Union Telegraph Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edwards & Smith, of Jersey City, N. J. (Edwin F. Smith, of Jersey City, N. J., and Francis R. Stark and Joseph L. Egan, both of New York City, of counsel), for plaintiff in error.

Theodore Strong, of New Brunswick, N. J., for defendant in error.

Before WOOLLEY and DAVIS, Circuit Judges, and THOMSON, District Judge.

DAVIS, Circuit Judge. This suit was brought in the District Court by Ella M. Ammann to recover damages for personal injuries alleged to be due to the negligence of the defendant in maintaining a guy wire from a telegraph pole to a peg across or in front of a footpath. One dark night, while walking from the trolley car on the public highway to her home along this path, her foot was caught in a loop formed by some of the strands of the wire. She was thrown on her stomach across the wire, which, she says, produced a fallen colon. The case was tried once before, and at that trial the judge entered an involuntary nonsuit, on the ground that the plaintiff was guilty of contributory negligence. In the present trial the plaintiff secured a judgment against the defendant, on whose writ of error the case is before us.

The plaintiff in error, hereinafter called defendant, relies on two assignments of error: First, the admission of illegal evidence; and, second, the refusal to direct a verdict for the defendant, on the ground that the involuntary nonsuit entered in the former trial was a bar to further proceedings, because the question of the contributory negligence of plaintiff was then and there determined and was res judicata.

[1, 2] The illegal evidence refers to the testimony of Dr. William W. Maver, defendant's medical expert. It is well settled in New Jersey that, when a physician testifies from his own experience as an expert, he may not be impeached by medical works upon which he has not relied as authority for his testimony. "It is only when a witness refers to them as an authority for his own opinions that they are receivable in evidence, and then only for the purpose of contradicting him." New Jersey Zinc & Iron Company v. Lehigh Zinc & Iron Company, 59 N. J. Law, 189, 35 Atl. 915; Kingsley v. D., L. & W. R. Co., 81 N. J. Law, 536, 80 Atl. 327, 35 L. R. A. (N. S.) 338; State v. MacRorie, 86 N. J. Law, 401, 405, 92 Atl. 578. In administering New Jersey law, a federal court is governed by the New Jersey rules of evidence, unless.

there is a federal rule to the contrary. In this case, however, the federal rule is the same as the New Jersey rule. Davis v. United States, 165 U. S. 373, 377, 17 Sup. Ct. 360, 41 L. Ed. 750.

[3, 4] Dr. Maver, over objection, was permitted to testify on cross-examination that the colon appearing in a picture in the medical book called "Roentgen Diagnosis of Surgical Lesions of the Gastro-Intestinal Tract" was a normal colon and normal·in position. But neither the book nor the picture was admitted in evidence and neither was seen by the judge or jury. The doctor said that the colon was higher in position than that of the plaintiff as it appeared in an X-ray photograph, ·but the difference was due to different types of individuals. This testimony was harmless. He further testified, without objection, that the picture of a colon appearing in Dr. Gwilym G. Davis' book on "Applied Anatomy, the Construction of the Human Body Considered in Its Relation to Its Functions, Diseases and Injuries," which he accepted as an authority, was in a different position from that of the plaintiff in the X-ray photograph. He was then asked if the book was a "regular book for the enlightenment of physicians and surgeons," and was allowed, over objection, to answer, "Yes." Without objection plaintiff's counsel read from the book as follows:

"Does it say here, Figure 414, 'View of the abdominal organs in situ; beneath ensiform process is seen the liver with the round ligament to the right of the median line; below given the stomach, then the transverse colon and liver, and lower down the small intestines, over which is spread the great omentum; in the right iliac region is seen ascending colon and in the left the termination of the descending colon.'"

An objection was then made and overruled to the reading of the book, which, however, was not further read, and, when it was offered, it was not admitted. We do not think that the evidence was erroneously admitted or harmful.

Should the court have directed a verdict on the ground that, in the former trial between the same parties, involving the same subject-matter, a nonsuit was entered against the plaintiff? In other words, is the plaintiff concluded by the judgment of a nonsuit entered in that trial?

[5] At common law a judgment of nonsuit was not a bar to a new suit by the plaintiff against the defendant on the same cause of action. 3 Blackstone's Commentaries, 376; Tidd, Pr. 797; Arch. Pr. 433. There is no statute in New Jersey which changes this common-law rule. If a nonsuit is granted at the insistance of the defendant, while the plaintiff insists on a verdict and judgment, which will finally determine the litigation, the result is inconclusive, and the plaintiff is not barred from another action. It does not determine the rights of the parties. Technically it is considered a voluntary nonsuit, except for the purpose of having the opinion of the court ordering it reviewed·on error. Longstreet v.·Phile, 39 N. J. Law, 63, 71; Chapin Hall Lumber Company v. Dalrymple, 53 N. J. Law, 267, 21 Atl. 949; Beckett v. Stone, 60 N. J. Law, 23, 36 Atl. 880. We have considered the case of Ordway v. Boston & M. R. R. Co., 69 N. H. 429, 45 Atl. 243, on which the defendant largely relies. We are also aware that there are decisions in other jurisdictions contrary to the conclusion here reached. But the

rule in New Jersey, in our opinion, is sound, has the great weight of authority, and prevails in the federal courts. Lehigh Valley Railroad Company v. Quereau (C. C. A.) 289 Fed. 767; Homer v. Brown, 57 U. S. (16 How.) 354, 14 L. Ed. 970; Manhattan Life Insurance Co. v. Broughton, 109 U. S. 121, 124, 3 Sup. Ct. 99, 27 L. Ed. 878.

The judgment of the District Court is affirmed.