## E. I. DU PONT DE NEMOURS & CO. v. WHITE.

(Circuit Court of Appeals, Third Circuit.
September 29, 1925.)

### No. 3191.

1. **Master and servant ⬭270(8)—Evidence of similar injuries to others under similar conditions held competent.**

In an action by an employee for injury alleged to have been caused by poisonous gases, negligently allowed by defendant to escape into the rooms where plaintiff worked, testimony of other employees, who worked in the same rooms, that the gases had a similar effect on them, was competent; it being shown that they were working under substantially the same conditions.

2. **Evidence ⬭558(7)—Physician expert may not be impeached by medical works on which he has not relied.**

A physician, testifying from his own experience, as an expert, may not be impeached by medical works on which he has not relied.

3. **Courts ⬭348—State rules of evidence govern in federal courts, in absence of federal rule.**

The federal courts are governed by the rules of evidence, of the state of which they are administering the law, unless there is a federal rule to the contrary.

In Error to the District Court of the United States for the District of New Jersey; Charles F. Lynch, Judge.

Action at law by Paul White against E. I. du Pont de Nemours & Co. Judgment for plaintiff, and defendant brings error. Reversed, and new trial granted.

Edward L. Katzenbach (of Katzenbach & Hunt), of Trenton, N. J., for plaintiff in error.

Nathan Rabinowitz, of Paterson, N. J., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Paul White, an employee of the Du Pont Company, sued it for failure to take reasonable care and precaution to prevent the escape of noxious and poisonous gases from pipes, receptacles, and devices in its factory, where he worked in the manufacture of chemicals and explosives at Lodi, N. J. The case was tried to the court and jury, and a verdict rendered for the plaintiff. Defendant has brought the case here on writ of error, and alleges that the court erred: (1) In refusing to direct a verdict in its favor; (2) in admitting evidence of injuries suffered by other employees; and (3) in permitting defendant's expert witness to be asked, in an effort to impeach him, whether or not he agreed with certain medical works on which he had not relied as authority for his testimony.

We do not think the court erred in refusing to direct a verdict for defendant. Under the pleadings and evidence, the questions of negligence, proximate cause and assumption of risk were, with proper instructions from the court, clearly for the jury.

[1] The plaintiff called three witnesses, Joseph Dedino, Isaac Belton, and George Castellano, who worked in the same rooms in which plaintiff worked. According to their testimony, the gases in these rooms produced practically the same effect on them as on him. Was their testimony admissible? In evidencing the quality of gas, such as phosgene and chlorine (to which the plaintiff alleges he was subjected by the negligence of the defendant), by instances of its effects upon others who worked in and inhaled it, the natural and logical limitation is that the evidential instances should have occurred under substantially the same circumstances; otherwise the ill effects might be attributed to the influence of some other element introduced by the differing circumstances. While in the use of this mode of proof unfair surprise and confusion of issues inevitably arise and often serve to exclude the evidence, yet the almost universal attitude of courts at the present time is to admit such evidence, subject to the limitation that the evidential instances took place under conditions substantially similar to the one in issue. Greenleaf on Evidence (16th Ed.) vol. 1, § 14v; 22 Corpus Juris, § 840. In the leading case of Darling v. Westmoreland, 52 N. H. 401, 13 Am. Rep. 55, after reviewing and carefully considering practically all the authorities, Judge Doe reached the conclusion above stated. The question reduces itself to one of fact: Were the conditions under which the plaintiff and the three witnesses worked substantially similar? We think that they were sufficiently so to come within the rule and to make the testimony admissible.

Harry L. Gilchrist, a physician, and chief of the medical division of the Chemical Warfare Service in the War Department, testified as an expert for defendant on the effects of gas upon persons. He said that he was superintendent over all medical matters pertaining to gassed men in the World War; that there were 72,000 gassed casualties in our army, most of which he saw personally; that he was in command of the British hospitals from May until the middle

of December, 1917, and saw, in addition, thousands of cases there and thousands of cases in "French gas hospitals"; that he had seen many men who had been gassed with chlorine and phosgene; and that there was no case on record in which it had been established that the inhalation of gas produced fibrosis, which plaintiff claims to have as a result of such inhalation. While Dr. Gilchrist was under cross-examination, counsel for plaintiff read from a book written by Dr. Winternitz of Yale statements opposed to the views of Dr. Gilchrist, and then asked him if he differed with Dr. Winternitz. Objection was made, but was overruled, and the witness was compelled to answer. Was this error?

[2, 3] It is well settled in New Jersey that, when a physician testifies from his own experience as an expert, he may not be impeached by medical works upon which he has not relied as authority for his testimony. It is only when a witness refers to them for his own opinions that they are receivable in evidence, and then only for the purpose of contradicting him. New Jersey Zinc & Iron Co. v. Lehigh Zinc & Iron Co., 59 N. J. Law, 188, 35 A. 915; Kingsley v. D. L. & W. R. R. Co., 81 N. J. Law, 536, 538, 80 A. 327, 35 L. R. A. (N. S.) 338; State v. McRorie, 86 N. J. Law, 401, 92 A. 578; Western Union Telegraph Co. v. Ammann (C. C. A.) 296 F. 453. The federal court here was administering New Jersey law, and in doing so it must be governed by the New Jersey rules of evidence, unless there is a federal rule to the contrary. But the federal rule and the New Jersey rule are the same on this subject. Davis v. United States, 165 U. S. 373, 377, 16 S. Ct. 353, 40 L. Ed. 499. This testimony was therefore inadmissible and prejudicial. The vice of the question was that it involved the admission of hearsay evidence, without giving the adverse party an opportunity to cross-examine the author.

The judgment is reversed, and a new trial granted.