GREEN MOTORS, INCORPORATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. E. I. DuPONT DeNEMOURS COMPANY, A CORPORATION OF DELAWARE, DEFENDANT-RESPONDENT.

Submitted May 11, 1934—Decided September 28, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff-appellant, *Jacob S. Karkus.*

For the defendant-respondent, *Katzenbach, Gildea & Rudner* (*Louis Rudner*).

PER CURIAM.

The suit grows out of a sale of a motor truck. The appellant, the plaintiff below, claims a balance alleged due. The only assignments of error challenge the admission in evidence of certain testimony and an exhibit. The case is without merit.

The plaintiff, a dealer, had a contract with the General Motors Truck Company which provided as follows: "The company expressly reserves to itself the right to sell General Motors trucks and chassis to any person, firm or corporation, within the territory specified therein, upon the terms and conditions now hereafter set forth in which is designated by company as fleet users' agreement, without any obligation

to pay dealer any commission or other charges upon such sales, except as may be satisfactory and fixed by company."

The defendant company, pursuant to its fleet users' contract, made the purchase in question from the General Motors Truck Company, as the jury found. The claim in suit was for a balance of money which might have been due but for such circumstances. The plaintiff, a distributor for the General Motors Truck Company, appears only to have made delivery.

The assignments of error argued, relating to the admission of testimony, present no problem. In several, the objection was not interposed before the question was answered. The examination complained of relates to the plaintiff's contract with the General Motors Truck Company. The subject-matter was well within the sound discretion of the learned trial judge and the document, upon which the examination was made, was in plaintiff's possession and control. A contrary ruling by the trial court could only have resulted in delay and a failure to present the true situation for the consideration of the jury. The purpose of a trial at law is to elicit the truth. The conduct of the trial rests in the sound discretion of the trial judge. A witness in possession of a document may produce it if he desires. In the present case, the writing which the plaintiff's witness possessed and did not produce was the plaintiff's contract with the General Motors Truck Company. The issue was the plaintiff's right to recover the balance alleged due from the defendant for an automobile sold and paid for by the General Motors Truck Company. The ruling fell within the exception to the best evidence rule where the writing is only collateral to the question in issue. 22 *Corp. Jur.* 987; *New Jersey Zinc Co.* v. *Lehigh Zinc Co.,* 59 *N. J. L.* 189; 35 *Atl. Rep.* 915.

The admission in evidence of the defendant's agreement with the General Motors Truck Company was proper and well within a proper exercise of judicial discretion.

The judgment is affirmed, with costs.